## George Drug Company v. Daniel Boone Realty Company et al.

(Decided June 4, 1929.)

ASTOR HOGG for appellant.

STEPHEN COMBS, Jr., and D. I. DAY for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE McCANDLESS
—Affirming in part and reversing in part.

On the 1st of October, 1926, by a writing duly executed the Daniel Boone Realty Company leased a certain storeroom in the city of Whitesburg to the George Drug Company, a corporation, for a period of fifteen months, at a monthly rental of $65 payable in advance. On the 10th of February, 1927, the George Drug Company sold all of its stock, fixtures and equipment to the Childers Drug Company, by a writing that day executed. The Childers Drug Company continued in the storeroom and on that date Mr. Childers, one of the firm and a person who had been in the employ of the George Drug Company for several years prior thereto, carried a check for the February rental to the secretary of the Daniel Boone Realty Company which was accepted by him. It also appears that Dr. Childers undertook to secure a lower ren-

tal on the storeroom or to rent it for a period of five years from the Daniel Boone Realty Company, a matter which was declined by that company. On the 1st of March, no other arrangement having been made, the Childers Drug Company vacated the premises. No further negotiations seem to have taken place between any of the parties, and after the expiration of the lease contract, January 1, 1927, the Daniel Boone Realty Company brought this action against the George Drug Company to recover $623.38, the amount then due on the rental contract.

The George Drug Company denied liability, and claimed that it had sold and assigned the lease to the Childers Drug Company, with the consent and approval of the Daniel Boone Realty Company, and that the latter company had accepted the Childers Drug Company as its tenant and thereby released defendant. The answer was also made a cross-petition against the Childers Drug Company, and a recovery sought against it in the event it was held liable to plaintiff. At the conclusion of the evidence a directed verdict was rendered in favor of the Daniel Boone Realty Company against the George Drug Company for the amount claimed in the petition, and also for the Childers Company against the George Drug Company. The George Drug Company appeals.

As stated the original lessee expressly covenanted to pay the rental stipulated in the lease contract. It is not contended that the landlord ever accepted a surrender of that lease upon a sufficient consideration or otherwise, or that it did anything to estop it from relying upon the liability of the original lessee. It follows that the George Drug Company remained liable for the agreed rental and that the court did not err in peremptorily directing the jury to find for it. 36 C. J. p. 371, tit. Landlord & Tenant, sec. 1227; Trabue v. McAdams, 8 Bush, 74. Also if the George Drug Company actually sold and assigned the lease to the Childers Drug Company under an agreement that the sublessee would pay the rents (an assignment that could be made by parol as only ten months of the lease remained unexpired), the Childers Drug Company became liable to the Daniel Boone Realty Company for rent for the period it retained the premises, and liable to the George Drug Company for the assigned unexpired term of the lease. See 36 C. J. p. 373, secs. 1222, 1229, and Trabue v. McAdams,

supra. Also, "A lessee, being sued for rent, may prosecute a cross-action against his assignee to compel him to discharge the rent and release him from responsibility." Trabue v. McAdams, supra. Appellee relies on Stimmel v. Waters, 2 Bush (65 Ky.) 282. But that case does not conflict with this reasoning, as there the assignee of the lease was put in possession with the consent of the landlord and paid him all of the rent for the unexpired part of the lease. Later the assignee remained in possession and a writ of forcible detainer issued. The landlord also sought to hold the original lessee liable for the rent accruing after the expiration of the lease, and this relief was refused on the ground that as to this the subtenant became the tenant of the landlord.

It is said, however, that in this case the contract of sale between the George Drug Company and the Childers Drug Company was in writing, and no mention was made in that contract of an assignment of the lease, and therefore parol evidence was inadmissible to show there was such an assignment. This position is untenable. The contract of sale of the stock and the assignment of the lease are severable, and as there is no reference to such an assignment in the writing it may be shown by parol. It follows that the court erred in sustaining an objection to the evidence on this point and in peremptorily directing a verdict in favor of the Childers Drug Company. It should have submitted the issue of the alleged contract of assignment of lease to the jury.

Wherefore the case is affirmed as to the judgment in favor of the Daniel Boone Realty Company v. George Drug Company, and reversed on the appeal of the George Drug Company v. Childers Drug Company, and remanded for proceedings consistent with this opinion.