## Steele v. Stanley.

(Decided February 17, 1931.)

W. K. STEELE for appellant.

J. E. CHILDERS for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

On September 13, 1926, C. E. Steele executed and delivered to one R. H. Hayes a coal lease on a certain boundary of land in Pike county. The royalty provided by the lease was 10 cents per ton on coal sold at $1.50 per ton or under, 15 cents per ton on coal sold for more than $1.50 and less than $1.75 per ton, and 20 cents per ton when sold for $1.75 or more. Thereafter the lease was transferred with the consent of the lessor to the Stanley Coal Mining Company, a corporation, and the lessor entered into a supplemental lease with the corporation in which it was agreed that he would receive 12 cents per ton for all coal mined and removed from the leased premises. On August 10, 1927, the Stanley Coal Mining Company transferred the lease to A. G. Richardson. The consideration was $3,000, payable in royalties at the rate of 10 cents per ton. About the time of the assignment of the lease, J. E. Stanley, who owned five shares of stock in the Stanley Coal Mining Company

purchased the stock of D. C. Moore and Allen Smith, each of whom owned five shares. The remaining five shares were owned by Mr. Wagoner, and it is claimed that this stock was not purchased by Stanley. After the assignment Richardson took charge of and operated the mine. During the year 1928 he became indebted to Steele for a store account, borrowed money, house rent, and other items, aggregating $1,706.33. He also mined coal on which the royalty due under the lease from Steele to the Stanley Coal Mining Company amounted to $1,075.-25. The whole claim was subject to credits amounting to $169.80.

This suit was brought by C. E. Steele, the lessor, against J. E. Stanley, D. C. Moore, Allen Smith, and A. G. Richardson to recover the above indebtedness. The action is predicated on the theory that the Stanley Coal Mining Company had been dissolved and the business was thereafter conducted by the stockholders as partners through their agent, Richardson. At the conclusion of the evidence the trial court directed a verdict for the defendants. The correctness of this ruling as to Stanley is challenged by the appeal.

In addition to the facts above set out, the following facts were developed on the hearing: After the assignment of the lease to Richardson, the Stanley Coal Mining Company was dissolved. Though Richardson continued to conduct the business in the name of the Stanley Coal Mining Company, this was without the consent of the corporation or of the stockholders. On May 9, 1928, Stanley brought suit in the Pike circuit court against Richardson to recover royalties amounting to $800. The suit was afterwards dismissed and Stanley claims that it was brought by a mistake.

The evidence does not show that, in the operation of the mine, Richardson was the agent of the corporation, or of the stockholders after its dissolution. On the contrary, he operated the mine on his own behalf. In the circumstances the store account and other expenses incurred in the operation of the mine were his indebtedness, and not that of the corporation or its stockholders. Therefore the directed verdict was proper as to all items other than the royalty of $1,075.25.

With respect to royalties a different situation is presented. Inasmuch as the Stanley Coal Mining Company had obligated itself to pay royalties on all coal mined,

it is clear that the assignment of the lease to Richardson without the consent of Steele, the lessor, or any act on his part amounting to an estoppel, did not relieve it of its liability for royalties on coal thereafter mined by Richardson. George Drug Co. v. Daniel Boone Realty Co., 229 Ky. 818, 18 S. W. (2d) 281. Though on the dissolution of the corporation the stockholders had two years within which to wind up its affairs, they had that time for that purpose and no other. Here the only business in which the corporation was engaged at the time of its dissolution was the receipt of royalties from Richardson on the sublease. Though Stanley and Wagoner, if he still remained a stockholder, were not liable for debts incurred by the corporation prior to its dissolution, except to the extent of assets received, they continued after the dissolution to conduct the business just as it had been conducted theretofore. Having dissolved the corporation and assumed the conduct of the business, and having placed themselves in a position where they and they only were responsible for its management and entitled to compensation from Richardson, they became partners and were thereafter individually responsible to Steele, the lessor, for royalties due him under the original and supplemental lease on all coal mined by Richardson after the dissolution. Ewald Iron Co. v. Commonwealth, 140 Ky. 692, 131 S. W. 774. It follows that to the extent of the claim for royalties the court erred in directing a verdict in favor of Stanley.

Judgment reversed, and cause remanded for a new trial consistent with this opinion.