## Sammons et ux. v. Warfield Natural Gas Co.

April 22, 1947.

James W. Turner, Judge.

W. R. McCoy for appellants.
Wells & Wells and B. J. Pettigrew for appellee.

OPINION OF THE COURT BY JUDGE DAWSON—Affirming.

This appeal involves the interpretation of a clause in a deed dated October 1, 1923, from W. T. Alley and his wife to appellants. The pertinent portions of that deed are as follows:

"There is expressly excepted and reserved from this conveyance all of the minerals in, on and under said land except two acres to be laid off so as to include the house and garden where second party now lives and second party is given the right, power and authority to lay off said reservation. The first party, his heirs, executors and assigns, are to have all the necessary right of way to mine and market the minerals or either of them from the land hereby conveyed.

"It is further provided that should first party fail to sell the minerals, rights and privileges hereby reserved, during his natural life and if he should die seized of the same, then it is expressly understood between the parties hereto that this reservation is to be void and that said minerals, rights and privileges are to immediately vest in and belong to the parties of the second part, or their heirs."

On March 3, 1936, Alley and his wife executed an oil and gas lease to appellee which covers the same land conveyed to appellants on October 1, 1923.

The question presented is whether, under the reservation of the minerals in the deed of October 1, 1923, Alley had the right to execute the oil and gas lease under which appellee claims the minerals.

Appellants argue that "sale" and "lease" are not synonymous and that the word "sale" does not embrace the word "lease." In support of this argument they cite various definitions of both words. Ordinarily these definitions of the words would apply, but under the decisions of this court a lease of oil and gas is actually a "sale" of a portion of the real estate and differs from a lease for the use of the surface. In the case of Mills v. Mills, 275 Ky. 431, 121 S. W. 2d 962, 965, we said: "Under our decisions a lease of minerals underlying the land surface, is treated as a sale of a portion of the real estate, and differs from a lease for use of the surface."

We have adopted the view that the purchaser of minerals acquires not only a right to go upon the property and take the minerals, but also becomes the owner of the substances themselves. See Trimble v. Kentucky River Coal Corporation, 235 Ky. 301, 31 S. W. 2d 367, and the authorities therein cited. To the same effect see Thornton Oil and Gas, Section 76, and Eastern Gulf Oil Co. v. Kentucky State Tax Commission, D. C., 17 F. 2d 394.

Since Alley expressly reserved all of the minerals in, on and under the land conveyed, and the lease to appellee was executed during his lifetime, it follows that he had a right to lease the oil and gas to appellee.

Even if there were any doubt as to whether the lease of these minerals by Alley was actually a sale, within the meaning of the phraseology of the quoted provisions of the deed to appellants, the judgment would be affirmed because it seems to be the general rule that where a power to dispose of property is a general one, inferior estates or interests may be legally conveyed. See 41 Am. Jur. 811, Powers, Section 61, and the annotation to Regents of University System v. Trust Co. of Georgia, 186 Ga. 498, 198 S. E. 345, 121 A. L. R. 125 at page 157.

When we consider the quoted provisions of the deed in an effort to determine what the parties intended thereby, we have little difficulty in concluding, first, that Alley reserved the minerals for his own use and benefit during his life; second, that during his lifetime he retained the right to dispose of those minerals in such manner as he determined, and third, that if he had not disposed of them at the time of his death they were to pass to the appellants. Being of this view it follows that he had a right to execute the lease to the appellee and that the judgment below is correct.

Judgment affirmed.