# Kelly et al. v. Morelock.

January 11, 1949.

Astor Hogg and J. B. Carter for appellants.

J. K. Beasley for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

This action involves the right of the appellee, Reece Morelock, to cancel a mining lease. The appeal is from a judgment in a forcible detainer proceeding granting Reece Morelock the relief sought by him. In urging that the judgment be reversed, the appellants insist that (1) there was no privity of contract or estate between them and the appellee; (2) the cancellation provision did not run with the leasehold; and (3) a sublessee incurs no liability directly to the lessor for the performance of covenants on the part of the lessee.

In 1943, A. E. Jackson leased a seam of coal in a tract of land from E. B. Spencer and J. N. Graham for a period of 25 years. In 1946, Jackson executed a lease on the property to Elmer Worley for a period of five years. This lease, or the sublease, as the appellants choose to call it, contained the following provision:

"It is further understood and agreed between the parties hereto that by the giving of a thirty (30) day written notice to the other party, then in that event either party may cancel the lease herein." In October, 1946,

Worley sold and assigned to C. D. Noe a one-half interest in the lease he had secured from Jackson. After referring to the Jackson-Worley lease, the Noe assignment provided:

"* * * and it is understood and agreed between the parties hereto that the said party of the first part hereby conveys unto the said party of the second part a one-half undivided interest in and to the said lease contract between him and the said A. E. Jackson, as set out herein, and that the said lease contract between the said A. E. Jackson and the said Elmer Worley is to be by said reference to recordation herein to be made a part of this contract or deed of conveyance and to be considered a part of this sale as if the whole of said lease were set out herein in extenso."

In March 1947, Noe assigned all of his rights in the lease to B. V. Kelly. In Novemer, 1947, Worley sold and assigned his remaining one-half interest in the Jackson lease to Jack Moreland. This assignment contained the following provision:

"That the original lease contract between Elmer Worley and A. E. Jackson above mentioned and the contract between Elmer Worley and C. D. Noe above mentioned are incorporated in this instrument; and that Jack Morelock takes subject to all the terms, conditions, covenants and royalties in said instrument contained; and that Jack Morelock hereby assumes as of this date all the obligations of Elmer Worley contained in said instruments."

Subsequently Kelly and Jack Moreland, the owners of the lease which Worley had secured from Jackson, began mining coal. In December, 1947, Jackson assigned all his rights and interests in the original 25 year lease to the appellee, Reese Morelock. Shortly thereafter the appellee gave Kelly and Jack Morelock 30 days notice to vacate the premises under the cancellation clause contained in the Jackson-Worley lease.

In the case of Consolidated Coach Corporation v. Consolidated Realty Co., 251 Ky. 614, 65 S. W. 2d 724, there is a discussion of the rights and obligations of a sublessee as against those of an assignee of a lease. Generally speaking, the rule is that a sublessee is not bound by covenants running with the leasehold, unless

he specifically assumes liability therefor, while such a liability does attach in the case of an assignee. The appellants vigorously contend that they were sublessees, and therefore, since none of the writings stemming from Worley contained a 30 day cancellation provision, they were not bound by that provision in the Jackson-Worley lease. On the other hand, the appellee contends that he is the landlord and stands in the shoes of Jackson, with all of Jackson's rights and privileges, and that he has the right to exercise as against Worley and any of Worley's assignees the provisions of the Jackson-Worley lease.

We believe the position of the appellee to be sound. As we have noted, all of the writings between Worley and those who claim under him recited that they were sales and assignments. It is true that Worley was a sublessee under Jackson, but there were no restrictive provisions in the sales and assignments which Worley made subsequently. As a matter of fact, as we have noted, actual reference was made in the Worley-Noe and Worley-Jack Morelock assignments to the Jackson-Worley lease. The latter lease contained a 30 day cancellation privilege running to both parties, and we think it was a covenant which ran with the land.

For the reasons given the judgment is affirmed.