Hersil V. JOHNSON, Appellant,

v.

H. A. COLEMAN et al., Partners, Doing Business as Coleman Coal Co., et al., Appellees.

Court of Appeals of Kentucky.

March 16, 1956.

Heber E. Johnson, Louisville, Herman G. Dotson, Pikeville, for appellant.

Francis M. Burke, Baird & Hays, Pikeville, for appellees.

STANLEY, Commissioner.

The action is for breach of contract by which the plaintiff acquired the right to haul coal from mines in a described area. The court, on motion, dismissed the complaint against certain defendants on the ground that it did not state "a claim upon which relief can be granted." CR 7.02, 12.02.

The several defendants are partnerships. It will be clearer to use the partnership names rather than the individuals.

The appellant, Hersil V. Johnson, and the Marrowbone Coal Co. entered into a contract on May 31, 1952, that Johnson should have "the right to control the transportation and haulage of all of the coal in a boundary" of 391 acres, which were under lease by Marrowbone, "whether said mine or mines are operated by" Marrowbone "or any of their sublessees." Johnson was to be paid upon the basis of tonnage hauled. The complaint alleges that the plaintiff had hauled a certain quantity of coal and received payment in part from Marrowbone; that Marrowbone had later subleased portions of the minerals and mineral rights to the Coleman Coal Co., Ratliff and Son Coal

Co., Emory Salyers, and Low Gap Coal Co., respectively. It is also alleged that Marrowbone had assigned the rights of the partnership in the leasehold to the Coleman Coal Company.

The complaint charges that the several defendants, as sublessees, had knowledge of the provisions of Johnson's haulage contract when they subleased the property and had refused to permit him to perform the contract, which he was at all times willing and able and had offered to perform. The plaintiff claimed specified damages for the loss which he had sustained by reason of the breach of the contract. The complaint was dismissed only as to the sublessees and assignees.

■ We may agree with the appellants' argument as to the liberality of the new Rules of Procedure with respect to stating a cause of action, particularly that rule which requires that a pleading need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." CR 8.01. But the simplification and liberality extend to the manner of stating a case and are not so great as to obviate the necessity of stating the elements of a cause of action or defense, as the case may be.

The essential defect in appellant's complaint against the defendants who have been let out of the case is that it does not state a legal cause of action or a right to relief against them. It merely alleges they had become sublessees of the mines and, by inference, were operating them. It is charged that they severally knew about the contract, but it is not charged that they or any of them had accepted or agreed to assume the obligations thereof to Johnson. Nor does the contract itself indicate that its terms should attach to the mineral leases or be transferred by their sublease or assignment.

■ It is a rule of general acceptation that the obligations of a contract are limited to the parties thereto and cannot be imposed upon a stranger to the contract.

Ewell v. Best, 177 Ky. 673, 198 S.W. 4. This is particularly so where the contract is one for services. The fact that one of the parties intended that the successor of the other party should be bound thereby cannot make the successor liable. 12 Am.Jur., Contracts, Sec. 265. The contract must be governed and controlled by the general law of contracts in respect of its operation, performance or breach and the remedies to the parties thereto. 58 C.J.S., Mines and Minerals, § 228(a). Cf. Steele v. Stanley, 237 Ky. 517, 35 S.W.2d 867. In this case there was no privity of contract between Johnson on the one part and the successor mining operators or sublessees on the other part. There was no allegation in the complaint of the adoption of the contract or of any act which may have led Johnson to believe that any of these parties had assumed its terms.

■■ In this state what is commonly termed a coal mining lease is regarded as the conveyance of an estate or interest in the minerals as land unless the terms of the instrument require a different construction. Williams' Adm'r v. Union Bank & Trust Co., 283 Ky. 644, 143 S.W.2d 297, 131 A.L. R. 1364; Sammons v. Warfield Natural Gas Co., 304 Ky. 548, 201 S.W.2d 719. Hence, what is called a sublessee of such property is in reality a grantee or transferee of the coal lease. Steele v. Stanley, 237 Ky. 517, 35 S.W.2d 867; Kelly v. Morelock, 309 Ky. 91, 216 S.W.2d 898. Consonant with this recognition of the character of property of a mining lease and its transfer, we held in Blue Grass Coal Corp. v. Combs, 168 Ky. 437, 182 S.W. 207, that where one who had acquired a coal lease with knowledge of the existence of a previous amendment or modification regulating timber rights and had acted under the lease as amended, he was chargeable with knowledge of an earlier lease to which the amendment referred and took the property subject thereto or burdened therewith. The appellant relies upon this case. The character or nature of the obligation of the contract clearly distinguishes this case from that one. Here we do not have any instrument affecting the

title to or running with the mining lease but a contract for services to be rendered the Marrowbone Coal Company in hauling coal. This did not run with the land or constitute any sort of encumbrance, as in the Combs case. It did not undertake to bind the sub-lessees or grantees to assume the contract of service.

The liability of the original parties, Marrowbone Coal Company et al., if any, was not adjudicated and is not involved in this appeal.

We are of opinion the trial court properly adjudged the appellees not to be liable for breach of the hauling contract.

Judgment affirmed.