POUND MILL COAL COMPANY et al., Appellants,

v.

Rex PENNINGTON, Appellee.

Court of Appeals of Kentucky.

Jan. 31, 1958.

A. E. Cornett, Hyden, for appellants.

Denver Adams, Hyden, for appellee.

PER CURIAM.

On July 30, 1955, appellee, Rex Pennington, filed complaint in the Leslie Circuit Court by which he sought to recover damages from appellants, Pound Mill Coal Company and Blue Ridge Mining Company. Appellants were properly served with summons. Appellants failed to file answer or otherwise make an appearance in the action. The case was assigned to the November term of court for trial. When the action was called for trial, appellants did not appear. Appellee moved that the allegations of the complaint be taken as true. The court sustained the motion; heard evidence as to the extent of appellee's injuries, and awarded damages in the sum of $2,000.

On this appeal, it is argued (1) that the court's failure to vacate the judgment upon appellants' motion was an abuse of discretion, and (2) that the default judgment was not taken in accordance with the provisions of CR 55.01.

The affidavits filed in support of the motion to vacate the judgment offer no

sound reason so to do. The part owner and agent who was served with process stated that he had previously consulted an attorney about a possible compensation claim, and that: "He believed that this was a claim for workmen's compensation, and being wholly unfamiliar with court proceedings was unaware that the paper was a summons in a civil action." This attitude requires little discussion. If he did not understand the simple language of the summons, he should have again consulted his attorney.

We find no merit in appellants' second contention. Appellants had failed to "appear" in the action, and in such cases it is not necessary to serve written notice of the application under CR 55.01, and this section does not require a written motion for judgment to be filed during the course of a trial.

Motion for appeal overruled and judgment affirmed.