**W. L. CROWDER, dba Buck Crowder Tractor Co., Appellant,**

v.

**AMERICAN MUTUAL LIABILITY INSURANCE CO., Appellee.**

Court of Appeals of Kentucky.

May 15, 1964.

Marshall Funk, Bowling Green, for appellant.

J. D. Raine, Louisville, for appellee.

DAVIS, Commissioner.

Appellant challenges a judgment of the Warren Circuit Court denying his motion to set aside a default judgment. CR 55.02 and 60.02.

The appellant rests his appeal on the grounds that (1) his failure to appear and defend was the result of excusable neglect, and (2) the complaint did not state a cause of action upon which relief could be granted.

Appellant had been a dealer for Massey-Ferguson farm machinery. Incident to this relationship he had entered into a dealership contract with Massey-Ferguson. The latter had obtained certain indemnity from the appellee company, designated as a Fraudulent Conversion Bond, by the terms of which appellee agreed to indemnify Massey-Ferguson against loss by reason of fraudulent conversion of money or personalty due Massey-Ferguson from its dealer, appellant.

Massey-Ferguson terminated its contract with appellant, and asserted he owed $8,086.52 on account of merchandise received but not accounted for. The claim against appellant was presented to the appellee, and appellee paid Massey-Ferguson in full. Appellee took from Massey-Ferguson a document styled, "Release and Subrogation Receipt," which effectively assigned to appellee the right to proceed against appellant to recoup the sum paid Massey-Ferguson.

On August 18, 1961, appellee filed its complaint against appellant in Warren Circuit Court, and filed as exhibits with the complaint the dealership agreement, the Fraudulent Conversion Bond, and the Release and Subrogation Receipt. Recovery in the sum of $8,086.52 was sought. Summons was served on appellant in Warren County on August 25, 1961.

Appellant neither served nor filed any answer or other defense of any kind; neither did he appear in the action.

Accordingly, upon proper motion, judgment by default was entered by the Warren Circuit Court September 27, 1961, in the sum sought in the complaint. No further step was taken in the action until an execution was issued January 26, 1962; on that same date appellee filed appropriate affidavit for attachment allowed by KRS 425.190. Pursuant to that action garnishment was served upon appellant's bank, effectively impounding $8,533.05, plus $5.00 costs.

This aroused appellant to action. On February 6, 1962, appellant filed his motion to vacate the default judgment; in the motion he asserted every ground prescribed in CR 60.02, but has now reduced his attacks to the two we have mentioned. In support of his motion, appellant filed his own affidavit asserting that shortly before the summons was served on him he had been involved in a minor traffic accident; that the adversary driver was insured; that he assumed the summons related to that incident; that he forthwith took the summons to the office of an attorney. The attorney was not then in his office, so appellant left the summons with the attorney's secretary, with the request that the attorney handle the matter.

Appellant had no further communication with the attorney about the summons, ex-

cept a casual conversation on the street in which he asked the attorney if there had been any action and learned there had been none. There is no suggestion by anyone that the attorney was in any manner derelict in this transaction.

Appellant attempts to bolster his position by pointing out that his formal education was limited to the eighth grade, and that he is not knowledgeable of court papers. He insists that he has a valid defense, and that Massey-Ferguson is indebted to him in a sum in excess of the amount of the judgment. He tendered an answer, an amended answer and third-party complaint, and a cross-complaint.

Appellee countered with the affidavit of its representative, asserting that the representative had fully explained to appellant prior to the filing of the suit that such suit would be filed. Neither the affidavit of appellant nor that of appellee's agent was denied.

In a memorandum opinion the trial court noted that records of the Warren Circuit Court reflect that at or about the time of the present suit the appellant had been a litigant in two other cases. The trial judge noted that he was unable to find, from the record, that appellant is illiterate or lacking in business experience. Under all the circumstances here presented we agree with the findings of the circuit court. We hold that the appellant has failed to make any showing of excusable neglect warranting relief under CR 60.02. Richardson v. Brunner, Ky., 327 S.W.2d 572; Dant v. Progress Paint Mfg. Co., Ky., 309 S.W.2d 187; Pound Mill Coal Co. v. Pennington, Ky., 309 S.W.2d 772.

Neither is there merit in the claim that the complaint was fatally defective. It is true that a default judgment may not be based on a complaint which completely fails to state a cause of action, but it is also true that much leniency is shown in construing such a complaint; it need not possess the qualities of immunity to attack by demurrer (or attack under CR 12.02(7)). 30A Am.Jur., Judgments, § 213. The allegations of the complaint, when construed with the exhibits filed with it, as in this case, adequately support the judgment. The judgment was in the sum sought by the allegations and prayer of the complaint.

The judgment is affirmed.