**James R. YOCOM, Commissioner of Labor and Custodian of the Special Fund, Appellant,**

v.

**Orris ONEY et al., Appellees.**

Court of Appeals of Kentucky.

Dec. 12, 1975.

Earl M. Cornett, Gen. Counsel, Joe A. Newberg, Dept. of Labor, Frankfort, for appellant.

G. C. Perry, III, David LeMaster, Perry & LeMaster, Paintsville, Fred G. Francis, Prestonsburg, for appellees.

STERNBERG, Justice.

This is a workmen's compensation case. On August 19, 1974, the board made findings of fact and entered an award which provided that appellee Orris Oney recover from the Special Fund compensation at the rate of $56 per week, and further that Oney recover from his employer, or its insurance carrier, his medical, surgical, and hospital expenses.

On September 6, 1974, the Special Fund filed an appeal in the Johnson Circuit Court seeking to have set aside the order of the full board. Procedural practices of the Special Fund were challenged in the circuit court by a motion to dismiss the appeal. On November 1, 1974, the circuit judge signed an order sustaining the motion to dismiss and on the same date the order was entered by the clerk. No further proceedings were had until January 23, 1975, when the circuit judge signed an order identical in all respects to the November 1, 1974, order. This latter order, however, was not entered by the clerk until February 14, 1975.

On February 26, 1975, counsel for the Special Fund filed a notice of appeal from what he identified as the final judgment entered on January 23, 1975. On May 23, 1975, appellee Orris Oney filed in this court a motion to dismiss the appeal on the grounds that the notice of appeal was not filed within thirty days from the entry of the order of January 23, 1975. The parties practiced the case in this court as if the order of January 23, 1975, was the final order. The notice of appeal actually was filed within thirty days from the entry of the January 23, 1975, order by the clerk; however, it was not filed within thirty days from the date it was signed by the judge.

When the motion to dismiss this appeal came on before this court, it appeared that the notice was filed within thirty days from the entry of the order dated January 23, 1975; therefore, the motion to dismiss was promptly overruled. However, upon submission of this appeal in chief and upon a careful analysis of the entire record, we find that the final order from which the appeal properly should have been taken is the order of November 1, 1974, and not the order of January 23, 1975.

The circuit court lost jurisdiction of the case ten days from the date the order was signed and entered on November 1, 1974. *James v. Hillerich & Bradsby Company*, Ky., 299 S.W.2d 92; CR 59.02. The order thus signed by the judge on January 23, 1975, which was entered by the clerk on February 14, 1975, is void as the court was without jurisdiction at the time it was signed and entered.

Under such circumstances this court has at least two alternatives. One, we may entertain the appeal, declare the order void, and reverse the case (*Epling v. Ratliff*, Ky., 364 S.W.2d 327), or second, we may sua sponte dismiss the appeal. We elect to follow the latter alternative, because to reverse would accomplish nothing. The order of November 1, 1974, will still remain in full force and effect and from which no appeal has been taken.

This appeal is from a void order and is dismissed.

All concur.