Steve **MORGAN** and Donna **Morgan,** Movants,

v.

James B. **O'NEIL,** Respondent.

Supreme Court of Kentucky.

June 15, 1983.

M. Deane Stewart, Bruce D. Atherton, Morgan & Pottinger, Louisville, for movants.

Hollis L. Searcy, Louisville, for respondent.

CHARLES E. ENGLISH, Special Justice.

The issue presented on this appeal is whether a complaint which fails to state a claim upon which relief can be granted will support a default judgment against a defendant who fails to file a written answer to the complaint.

This action was instituted in the Jefferson Circuit Court by Steve and Donna Morgan to enforce a foreign judgment obtained in the Washington Circuit Court, Washington County, Indiana, against Quality Home Aluminum Company, Inc., a Kentucky corporation.

The movants instituted an action in Indiana and on September 22, 1978, obtained judgment against Quality Home Aluminum Company, Inc., a Kentucky Corporation. The Morgans then on July 5, 1979, instituted an action in the Jefferson Circuit Court against Quality Home Aluminum Company, Inc., seeking to enforce the Indiana judgment.

After filing the initial complaint against Quality Home Aluminum Company, Inc., the Morgans, on August 7, 1979, filed an amended complaint joining the respondent, James B. O'Neil, individually. The amended complaint alleged in Count 1 that the corporation was dissolved in derogation of KRS 271A.460. Count II in pertinent part alleged:

"1. That the Plaintiffs believe that the Defendant, James B. O'Neil, was the sole stockholder of the Defendant Corporation.

2. That the Defendant, James B. O'Neil, allowed the Corporation to proceed through dissolution procedures while having knowledge of the claim of the Plaintiffs.

3. That the Defendant, James B. O'Neil, is personally liable for the payment of the judgment acquired by the Plaintiffs against the Corporation."

O'Neil did not file a written answer to either the complaint or the amended complaint.

A default judgment was entered against O'Neil on May 9, 1980, in the amount of $15,213.00 plus interest and costs. On April 30, 1981, O'Neil moved to set aside the default judgment on the grounds of lack of personal service and failure of the amended complaint to state a cause of action. The

Trial Court denied the motion, and appeal to the Court of Appeals followed.

The Court of Appeals reversed the order of the Trial Court and directed that default judgment be set aside. The Court of Appeals determined that there was no defect in the return of service of summons and directed the Trial Court to grant O'Neil leave to file an answer or other appropriate pleading.

This court granted Morgan's request to review the decision of the Court of Appeals.

Morgan argued before this court that the ruling of the Court of Appeals was contrary to the notice pleading standards as required by Civil Rule 8 and Civil Rule 9. O'Neil countered by stating that even a default judgment must be supported by a properly stated cause of action.

The amended complaint seeks to hold O'Neil, a stockholder, liable for payment of the Indiana judgment against the corporation, which is a corporate debt.

█ In general, a shareholder may be liable for a corporate debt either by "piercing the corporate veil" or by statutory authorization.

█ It is fundamental corporate law that a shareholder is not liable for a debt of the corporation unless extraordinary circumstances exist to impose liability. Such extraordinary liability may be imposed either by "piercing the corporate veil" or by violation of a particular statute imposing liability. *White v. Winchester Land Development Corporation,* Ky.App., 584 S.W.2d 56 (1979); *Steele v. Stanley,* 237 Ky. 517, 35 S.W.2d 867 (1931). No allegations appear in the complaint to state a claim on "piercing the corporate veil." Likewise, the complaint made no allegation of any statutory basis to impose personal liability upon O'Neil, the sole shareholder in the corporation.

█ While Count I of the amended complaint alleges "that the Defendant Corporation was dissolved in derogation of Kentucky Statute KRS 271 A.460," KRS 271A.460 merely sets out the procedural requirements which must be met in order to dissolve a corporation and places no duty whatsoever on the stockholders. *No allegation was made that O'Neil was an officer of the corporation.* The bland allegation in the pleadings that O'Neil, the sole shareholder in the corporation, allowed the corporation to proceed through dissolution procedures while having knowledge of the claim of the Plaintiffs is not sufficient to state a cause of action so as to impose personal liability on the shareholders for the payment of the Indiana judgment.

█ Holding a shareholder in a corporation individually liable for a corporate debt is an extraordinary procedure and should be done only when the strict requirements for imposing individual liability are met. While it is true that the Rules of Civil Procedure with respect to stating a cause of action should be liberally construed and that much leniency should be shown in construing whether a complaint on which a default judgment is based states a cause of action, this Court cannot read away the requirement of Civil Rule 8.01 which requires " . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." There must be maintained some minimum standard in the art of pleading which must be met. *Pike v. George,* Ky., 434 S.W.2d 626 (1968); *Johnson v. Coleman,* Ky., 288 S.W.2d 348 (1956).

That portion of the opinion of the Court of Appeals which reverses the trial court is affirmed, and this case is remanded to the lower court with direction to set aside its summary judgment and dismiss the action.

STEPHENS, C.J., AKER, STEPHENSON and VANCE, JJ., and CHARLES E. ENGLISH and FREDERICK M. WARREN, Special Justices, concur.

LEIBSON, J., dissents and files herewith a separate dissenting opinion.

LEIBSON, Justice, dissenting.

The majority decision in this case is in conflict with the concept of notice pleading established by the Kentucky Rules of Civil Procedure.

The respondent was properly served with a complaint and an amended complaint. He was put on notice by these pleadings that the movants claimed he had wrongfully caused Quality Home Aluminum Company, Inc. to proceed through a voluntary dissolution in violation of statutory requirements as to unpaid debts and that he was responsible to them for the debt of the corporation for which they demanded judgment. This complaint fell well within the liberal policy related to notice pleadings. See *Johnson v. Thoni Oil Magic Benzol Gas Stations, Inc.,* Ky., 467 S.W.2d 772 (1971); *Pike v. George,* Ky., 434 S.W.2d 626 (1968).

All that our procedure requires at the present time is a notice pleading setting out conclusions "sufficiently to *identify* the basis of the claim." Clay, Ky.Prac., 3rd Ed., Rule 8.01. The former debate about "ultimate facts" or "conclusions of law" or "statements of evidence" is no longer viable.

This respondent was properly served and before the court, with sufficient notice of the nature of the claim against him. If he had any doubt about the sufficiency of the claim, he should have proceeded by *Motion to Dismiss for Failure to State a Claim* under CR 12.02(f). If he believed that the claim was "so vague or ambiguous" that he could not reasonably respond, he should have filed a *Motion for More Definite Statement* under CR 12.05. He has done neither. But he has succeeded in this case in making a CR 12.02(f) motion or, worse yet, in filing an old fashioned demurrer via CR 60.02.

The grounds for setting aside a final judgment under CR 60.02 require a great deal more than is required by a motion to dismiss under CR 12.02. The grounds are set out in the Rule and none apply here. The policy in favor of finality of judgments is significantly impaired if by CR 60.02 procedure the judgment debtor can search the complaint for defects in the manner in which the movant has stated the cause of action.

*Johnson v. Coleman,* Ky., 288 S.W.2d 348 (1956), cited by the respondent, does not support his position. *Johnson* involved a CR 12.02 Motion to Dismiss the Complaint, not a CR 60.02 Motion to Set Aside a Judgment.

The case in point in the present situation is *Crowder v. Am. Mutual Liability Ins. Co.,* Ky., 379 S.W.2d 236 (1964). In *Crowder,* we refused to set aside a default judgment on grounds that the complaint did not state a cause of action upon which relief could be granted, holding at p. 238:

"It is true that a default judgment may not be based on a complaint which completely fails to state a cause of action, but it is also true that much leniency is shown in construing such a complaint; it need not possess the qualities of immunity to attack by demurrer [or attack under CR 12.02(7) (sic. 12.02(6)) ]."

The complaint in this case would have been sufficient to meet the threshold requirements in *Crowder* as long as it alleged the corporation owed the plaintiffs money and the defendant was liable for the debt of the corporation. The complaint in this case went much further. It was more than adequate to advise respondent of the nature of the claim.

The respondent has cited no cases since the adoption of the Civil Rules in 1954 as authority for his collateral attack upon the judgment against him in this case. None of the grounds set out in CR 60.02 for a collateral attack on the judgment apply.

When one reads the record in this case, it is evident that the issue before the trial court on the CR 60.02 Motion to Set Aside the Judgment was whether or not the respondent had been properly served and was before the court at the time when the court rendered judgment against him. The attack on the sufficiency of the complaint appears to have been largely, if not entirely, an afterthought dredged up for the appeal.

The majority opinion in this case is the tail wagging the dog. In my view of this case neither the tail nor the dog will hunt. I predict much mischief will result from

permitting this type of attack on the finality of judgments.