**In re Tommy PHILBECK, Debtor.**

**Darrel COX d/b/a Cox & Cox Enterprises, Plaintiff,**

**v.**

**Tommy PHILBECK; Sidney N. White, Trustee; and First National Bank of Manchester, Kentucky, Defendants.**

**Bankruptcy No. 92–60077.**
**Adv. No. 92–6005.**

United States Bankruptcy Court,
E.D. Kentucky,
Corbin Division.

Sept. 17, 1992.

Ronald E. Butler, Lexington, Ky., for debtor.

Robert J. Brown, Lexington, Ky., for plaintiff.

Sidney N. White, Lexington, Ky., Chapter 13 Trustee.

Clint J. Harris, Manchester, Ky., for defendant First Nat. Bank.

MEMORANDUM OPINION.

WILLIAM S. HOWARD, Bankruptcy Judge.

This matter is before the Court on the plaintiff's Motion for judgment pursuant to Federal Rule of Civil Procedure 12(c) made applicable in adversary proceedings in bankruptcy by Bankruptcy Rule 7012. The defendant debtor and the trustee have filed responses. An Agreed Order of Submission was entered herein on August 12, 1992, taking the Motion under submission without the requirement of argument thereon. This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334(b). The plaintiff has alleged that it is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(O).

This matter was initiated by the filing of the plaintiff's Verified Complaint on March 12, 1992. Therein the plaintiff states, and the record herein shows, that on July 30, 1990, the plaintiff and the defendant executed a coal lease as lessee and lessor, respectively. Plaintiff maintains that he has performed according to the terms of the coal lease. The plaintiff further states that, according to the debtor's Chapter 13 plan filed in his bankruptcy case on January 28, 1992, the debtor intends to reject the coal lease as an unexpired lease and relet it to another party. The plaintiff maintains that the coal lease is not an unexpired lease or executory contract pursuant to 11 U.S.C. § 365, and is therefore not subject to rejection by the debtor. The plaintiff has asked the Court, both in his Complaint and his Motion for Judgment, to enter a judgment declaring that the July 30, 1990, coal lease cannot be rejected.

■ In deciding whether the debtor may reject the subject coal lease, this Court must determine whether it is in fact a lease *and* whether it is an executory contract. The plaintiff argues that in Kentucky a coal lease has been consistently held to be a conveyance of the minerals in place as land, no matter what the document which accomplishes the conveyance is called. He cites *In re Becknell & Crace Coal Company, Inc.*, 761 F.2d 319 (6th Cir.1985), *Kennedy v. Hicks*, 180 Ky. 562, 203 S.W. 318 (1918), *Mills v. Mills*, 275 Ky. 431, 121 S.W.2d 962 (1938), *Williams' Administrator v. Union Bank & Trust*, 283 Ky. 644, 143 S.W.2d 297 (1940), and *Johnson v. Coleman*, Ky., 288 S.W.2d 348 (1956) in support of his position.

The court in *Becknell & Crace* quoted from *Johnson v. Coleman* in stating its opinion at page 321:

Regardless of the agreement's denomination ..., under Kentucky law 'what is commonly termed a coal mining lease is regarded as the conveyance of an estate or interest in the minerals as land unless the terms of the instrument require a different construction.' (*Johnson v. Coleman, supra,* at page 349).

The debtor has seized upon the words "unless the terms of the instrument require a different construction" to argue that the document is a true lease. The debtor points to various provisions of the coal lease that he apparently contends have the characteristics of a true lease. None of these, however, overcomes the fact that a coal lease conveys "absolute title to the minerals under the surface." *Swiss Oil Corporation v. Hupp*, 253 Ky. 552, 69 S.W.2d 1037, 1043 (1934).

The subject coal lease "... leases and lets ... all minable and merchantable coal ..." for an "original term" of four years and then as long as coal is being produced from the premises. This is a typical provision which allows the coal to be mined to exhaustion, and is one of the hallmarks of the true nature of the coal lease. The coal lease also contains a covenant from the lessor to the lessee that "... he is seized with a good, fee simple title to all of the minable and merchantable coal embraced within this lease, and have a good and perfect right to lease and convey the interest which he has hereby leased and conveyed, ..." Such language is further indicative of the true nature of the coal lease.

■ As concerns whether the contract (coal lease) is executory in nature, the issue

to be resolved is whether the contract imposes duties on both parties that remain to be performed. The plaintiff maintains that he is the only party required to perform further duties pursuant to the coal lease. The defendant states that he "has a right to inspect the integrity of Cox's operation, and a continued obligation to allow Cox to peacefully use the premises so long as the perimeters set forth in the agreement are not violated." (Defendant's Memorandum in Opposition, p. 6).

Both the plaintiff and the defendant refer to Professor Countryman's well-known definition of an executory contract. Such a contract is one "... under which the obligation of both the bankrupt and the other party to the contract are so far unperformed that the failure of either to complete performance would constitute a material breach excusing the performance of the other." Review of the subject coal lease does not reveal any such unperformed obligation on the part of the defendant such as would place this contract within the definition.

In consideration of all of the foregoing, it is therefore the opinion of this Court that the subject coal lease is neither an unexpired lease nor an executory contract which the defendant may reject. It is further the opinion of this Court that the plaintiff has carried forward his burden of demonstrating that he is entitled to judgment as a matter of law and that his Motion for Judgment should therefore be sustained. An Order in conformity with this opinion will be issued separately.