Linda WILLIAMS, Executrix of the
Estate of Cecil Williams,
Appellant,

v.

William C. OATES; William C. Oates
Estate, Billy Oates, a/k/a William C.
Oates, Jr., Administrator; Billy Oates,
a/k/a William C. Oates; and Joe Wal-
ton, Appellees.

No. 2009–CA–001182–MR.

Court of Appeals of Kentucky.

June 18, 2010.

Discretionary Review Denied by
Supreme Court June 9, 2011.

Chester I. Bays, Bowling Green, KY, for
appellant.

S. Frank Smith, Jr., Bowling Green, KY,
for appellee.

Before CAPERTON, LAMBERT, and
NICKELL, Judges.

*OPINION*

LAMBERT, Judge:

Linda Williams, Executrix of the Estate
of Cecil Williams, appeals a July 3, 2008,
order of the Warren Circuit Court overrul-

ing various motions which sought to enforce an April 15, 1991, judgment against William C. Oates. For the reasons set forth herein, we must vacate and remand for further proceedings consistent with this opinion.

Cecil Williams loaned William Oates $62,500.00 on August 30, 1990. Oates failed to repay the loan, and Williams sued Oates. Williams secured a default judgment against Oates for the loan amount plus interest on April 15, 1991.

Thereafter, various attempts were made to enforce the judgment against Oates. However, for one reason or another, many of which are not clear from this record, no money was ever recovered. In 2006, this Court addressed one of Williams' attempts to enforce the judgment. As set forth in our previous opinion, the facts proceed as follows:

> [Williams] diligently pursued post-judgment discovery efforts to collect the debt, but all efforts were unsuccessful. William C. Oates died intestate on November 26, 1996, leaving his wife, Esther, and son, Billy, who was later named the Administrator of the estate in July of 1998. [Williams] filed a judgment lien against [Oates] and continued in his efforts to enforce the judgment to no avail.

> On October 22, 2003, more than ten years after the original default judgment, [Williams] filed a motion with the court to amend and supplement the original complaint. The court granted leave to amend and supplement pursuant to Kentucky Rules of Civil Procedure (CR) 15.01. A second motion to amend was also granted and entered on March 26, 2004. [Williams] remained unable to collect on the original default judgment and filed a motion to reinstate and reenter the original judgment on January 12, 2006, due to the approaching end of the fifteen-year statute of limitations on this action pursuant to KRS 413.090. The Warren Circuit Court reinstated and reentered the judgment on February 9, 2006, and additionally reversed the previous two orders allowing [Williams] to amend the original complaint.

*Williams v. Oates,* 2006 WL 3334046 (Ky. App.2006) (2006–CA–000413–MR).

Williams appealed the trial court's reversal of its previous orders allowing amendment of the original complaint. This Court held that the trial court did not err in refusing to allow such amendments pursuant to CR 15.01. *Id.* at 1. We reasoned that complaints may not be amended or supplemented after a judgment is entered and finalized because there is no jurisdiction to conduct such proceedings. *Id.; see Yocom v. Oney,* 532 S.W.2d 15 (Ky.1975). We also stated as follows:

> It is clear that [Williams] wants to enforce the default judgment. [Williams] has not lost any rights or remedies for the enforcement of this judgment, but the appropriate procedure is not found in an attempt to amend a pleading more than ten years after the entry of a default judgment.

*Oates,* 2006 WL at 2.

On September 21, 2007, Williams moved to file a supplemental complaint pursuant to CR 15.04. The trial court denied this motion by order entered on October 18, 2007.

On November 14, 2007, Williams renewed his motion to file supplemental pleadings pursuant to CR 15.04. Williams also moved the trial court to enter an order of sale against real property that was distributed to Oates' heirs. On July 3, 2008, the trial court denied Williams' motions. In so ruling, the court held that it did not have jurisdiction to accept the filing of supplemental pleadings or "to issue

any type of findings relating to the status of said property."

The real property at issue is Oates' former residence. In 1984, it was purchased in the name of William C. Oates Realty Company, Inc. At some point, the corporation was dissolved and all assets were distributed to the corporation's only shareholder, Oates. When Oates died, his son, Billy, transferred the residence to his mother, Esther. When Esther died in 2003, Billy became the sole owner of the home. In his motion seeking to have the real property sold, Williams moved the trial court to "pierce the corporate veil and hold that [Williams'] claim is a secured claim against the real property."

Williams has since died and his widow, Linda, continues to pursue enforcement actions on behalf of the estate. On appeal to this Court, Williams presents various arguments. The gist of her arguments is that the trial court violated her due process rights by refusing to entertain her late husband's motions seeking to enforce the 1991 judgment. Williams attempted to enforce this judgment in two ways: (1) moving to file supplemental pleadings pursuant to CR 15.04; and (2) moving for the sale of certain real property that was distributed to Oates' heirs.

As for the filing of supplemental pleadings, we agree with Williams that she may file supplemental pleadings pursuant to CR 15.04 so long as the pleadings seek only to invoke the trial court's jurisdiction "to enforce its own judgments and to remove any obstructions to such enforcement." *Shelby Petroleum Corp. v. Croucher*, 814 S.W.2d 930, 933 (Ky.App. 1991) (quoting *Akers v. Stephenson*, 469 S.W.2d 704, 706 (Ky.1970)).

This Court's previous opinion addressed an attempt to amend the original complaint pursuant to CR 15.01 after a judgment had long since been entered and finalized. *Oates*, 2006 WL at 1. As set forth therein, finalized judgments may not be altered or amended. *Id.* Since amending the original complaint could only result in the alteration or amendment of a finalized judgment, we correctly affirmed the trial court's denial of such an attempt.

Proceedings seeking to enforce a final judgment, however, do not result in the alteration or amendment of the judgment. Thus, supplemental pleadings pursuant to CR 15.04 are permitted in such instances. *Croucher*, 814 S.W.2d at 933 (permitting pleadings to be supplemented pursuant to CR 15.04 after entry of final judgment to assert claim for costs incurred and damages sustained as a result of action taken by debtor to thwart collection of judgment, and to join a third party so as to set aside a transfer of claimed property in violation of the Bulk Transfers Act).

In this case, Williams sought to file a supplemental complaint setting forth "transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." CR 15.04. Specifically, Williams sought to adjudicate whether certain real property distributed to Oates' heirs was subject to execution and whether a competing judgment lien had since been extinguished. Both of these issues are related to enforcement and removal of obstructions to enforcement. *See Croucher*, 814 S.W.2d at 933. Accordingly, we hold that the trial court erred as a matter of law in ruling that it was without jurisdiction to consider Williams' supplemental pleadings. So long as these pleadings involve only the enforcement of the trial court's judgment, the trial court is vested with jurisdiction to consider the pleadings.

As for whether the trial court had jurisdiction to "pierce the corporate veil" of a long-dissolved corporation for the pur-

pose of allowing Williams to satisfy her judgment against Oates, Appellees argue that such a remedy is time-barred because it was never alleged in the original complaint. *See Morgan v. O'Neil,* 652 S.W.2d 83, 85 (Ky.1983). Upon careful review, we find the Appellees' citation to the *Morgan* case to be misplaced.

In *Morgan,* our Supreme Court held that a complaint which failed to plead an action for "piercing the corporate veil" was not sufficient to support a default judgment holding an individual shareholder liable for the debt of a corporation. *Id.* In so holding, the Court declared that "[i]t is fundamental corporate law that a shareholder is not liable for a debt of the corporation unless extraordinary circumstances exist to impose liability." *Id.* Since such extraordinary circumstances were never alleged in the complaint, it was inequitable to permit a default judgment resulting from that complaint to stand. *Id.*

Here, Williams is not seeking to use her default judgment against Oates to hold Oates liable for the debt of a corporation. The *Morgan* case is therefore distinguishable from this case because Oates' liability for the debt is uncontested and firmly established.

Rather, Williams is seeking to execute against an alleged former asset of Oates' dissolved corporation in order to satisfy the uncontested judgment against Oates. This proposed execution may be submitted to and considered by the trial court via the supplemental pleadings procedure set forth in CR 15.04. If supplemental pleadings are permitted and then filed, Appellees will have ample opportunity to answer the pleadings and to mount a full defense. Such defenses may include claims that the execution proceedings fail to state a claim, are not timely, or are inequitable. Because the trial court has yet to consider or rule on the question of whether Williams

shall be permitted to file supplemental pleadings and if filed, whether those pleadings set forth sufficient grounds on which to support an order of execution, the holding set forth in *Morgan* is simply not applicable here.

Appellees insist that Williams was obligated to allege grounds to support any specific orders of execution in the original complaint. Such a task would have been impossible, however, since the debt had yet to be established, nor had the means of execution. In fact, if Oates had paid the original judgment, execution proceedings would not have been necessary. Thus, we reject Appellees' argument that Williams was barred from setting forth a claim for "piercing the corporate veil" in any subsequent execution proceedings because such a claim was not pleaded in the original complaint.

For these reasons, we must vacate the July 3, 2008, order of the Warren Circuit Court overruling various motions which sought to enforce an April 15, 1991, judgment against William C. Oates. This case is remanded for further proceedings consistent with this opinion. Specifically, the trial court does have jurisdiction to consider Williams' motions under CR 15.04, but only to the extent that these motions seek to enforce the 1991 judgment against William C. Oates.

ALL CONCUR.