RENDERED: FEBRUARY 21, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-1196-MR

GLENN JONES                                                                APPELLANT

APPEAL FROM MCCRACKEN CIRCUIT COURT
v.         HONORABLE JOSEPH ROARK, JUDGE
ACTION NO. 21-CI-00686

BRIAN VANDER BOEGH                                              APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ECKERLE, L. JONES, AND KAREM, JUDGES.

ECKERLE, JUDGE:  Appellant, Glenn Jones ("Jones"), brings forth this *pro se* appeal challenging the McCracken Circuit Court's Order Granting Default Judgment in favor of Appellee, Brian Vander Boegh ("Vander Boegh").  Finding no basis for relief, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

This appeal arises in the context of separate litigation concerning the management of two trusts by the Bank of Oklahoma, N.A. ("BOK").[1] At the conclusion of the trust litigation, in January of 2017, McCracken Circuit Court Judge Tim Kaltenbach awarded BOK, as the prevailing party, attorneys' fees and costs. On appeal, a Merits Panel of this Court affirmed the Trial Court's determination on the issue of BOK's entitlement to attorneys' fees and costs but remanded the case for the Trial Court to reassess its prior inquiry into the matter of the reasonableness of the fees charged. *See Vander Boegh v. Bank of Oklahoma, N.A.*, No. 2016-CA-001307-MR, 2019 WL 1495712, at *11-12 (Ky. App. Apr. 5, 2019) (unpublished).

On February 17, 2021, in conformity with this Court's instructions, Judge Kaltenbach issued an Order for the Reimbursement of Attorneys' Fees and Expenses (the "Reimbursement Judgment"), awarding BOK attorneys' fees and costs in the total amount of $1,619,059.47, with interest. The Reimbursement Judgment further held Vander Boegh, Jones, and four other named defendants (individually and collectively, "Co-obligor(s)") jointly and severally liable for

---

[1] The civil action is styled *Bank of Oklahoma, N.A., as a Trustee of the Charles R. Jones, Sr. Inter Vivos Trust dated May 1, 1973, and the Eula Kathleen Jones Testamentary Trust U/W/D October 24, 1976 v. James G. Armstrong, et al.*, McCracken Circuit Court, Division No. I, Civil Action No. 10-CI-00634.

payment. BOK quickly attempted to collect on the Reimbursement Judgment, including filing Notice of Judgment Liens on Vander Boegh's property.

Two months later, in April of 2021, Vander Boegh remitted payment to BOK for the full amount that he was jointly and severally obligated to pay under the Reimbursement Judgment.[2] Vander Boegh claims that he satisfied the debt in full to prevent foreclosure of his home and seizure of his retirement accounts. Following Vander Boegh's satisfaction of the Reimbursement Judgment, he sought contribution from the other Co-obligors. However, only one Co-obligor provided Vander Boegh with payment for her contributory share.

On September 24, 2021, in an effort to recoup proportionate contribution from the remaining four Co-obligors, Vander Boegh commenced the instant action for contribution and unjust enrichment. Vander Boegh subsequently dismissed his Complaint against two of the Co-obligors following settlements. Vander Boegh engaged in significant litigation with respect to Co-obligor, Gary Vander Boegh ("Gary"). In November of 2022, the Trial Court granted Vander Boegh summary judgment, ordering Gary to pay Vander Boegh his contributive share.

---

[2] The Reimbursement Judgment also awarded BOK attorneys' fees and costs associated with the Co-Obligors' appeal of the original fee order. However, Vander Boegh, having filed bankruptcy, was not held jointly and severally liable for payment of that portion of the Reimbursement Judgment.

As for Jones, Vander Boegh executed service of process of the summons and Complaint upon Jones on May 2, 2023. Jones timely responded with a Motion to Dismiss under Kentucky Rules of Civil Procedure ("CR") 12.02, arguing, *inter alia*, insufficient service of process, lack of personal jurisdiction, and lack of subject matter jurisdiction. The Trial Court denied Jones' Motion to Dismiss on June 2, 2023.

In summary, by early June of 2023, Vander Boegh had either settled or obtained judgment against all Co-obligers, with the exception of Jones. Accordingly, on June 28, 2023, Vander Boegh moved the Trial Court to enter default judgment or, in the alternative, summary judgment against Jones. Vander Boegh's motion as it pertained to default argued that, despite effectuating service of the Complaint upon Jones and obtaining the Trial Court's denial of Jones' Motion to Dismiss, Jones failed to file a responsive pleading in conformity with CR 12.01. Vander Boegh also filed an accounting of attorneys' fees and costs attributable to Jones.[3] In response, Jones filed a "Motion to Dismiss all Accounting of Plaintiff's Attorney Fees and Costs Incurred in this Matter Attributable to Glenn Jones." In substance, Jones' motion not only contested the amount of Vander Boegh's claim for attorneys' fees and costs, but also challenged

---

[3] On August 15, 2023, Vander Boegh filed a supplemental accounting of attorneys' fees. On August 18, 2023, Jones filed a response to Vander Boegh's supplement.

Vander Boegh's initial attempt at service of process, and Jones further sought dismissal of the case with prejudice. The Trial Court held a subsequent hearing on the matter on August 18, 2023.

On September 6, 2023, the Trial Court issued an Order Granting Default Judgment against Jones. The Order awarded Vander Boegh $77,521.49, plus interest, in addition to $9,213.50 for fees and costs associated with prosecuting his claim against Jones. Instead of seeking vacatur of the Trial Court's default judgment, Jones appealed to this Court as a matter of right.

**STANDARD OF REVIEW**

When reviewing a trial court's order denying a motion to set aside a default judgment, we apply an abuse of discretion standard of review. *S.R. Blanton Development, Inc. v. Investors Realty and Management Co., Inc.*, 819 S.W.2d 727, 730 (Ky. App. 1991). However, as is here, when the defaulted party fails to seek relief directly from the trial court pursuant to CR 55.02 and CR 60.02, our review is "limited to determining whether the pleadings were sufficient to uphold the judgment, or whether the appellant was actually in default." *Mingey v. Cline Leasing Service, Inc.*, 707 S.W.2d 794, 796 (Ky. App. 1986). The only exception to this limited review occurs where the appealing party challenges the trial court's subject matter jurisdiction. *Jeffery v. Jeffery*, 153 S.W.3d 849, 851 (Ky. App. 2004) (citing *Commonwealth, Dep't of Highways v. Berryman*, 363 S.W.2d 525,

-5-

526-27 (Ky. 1962)).   As Jones did not seek relief from the Trial Court pursuant to CR 55.02 or CR 60.02, our review is limited solely to the sufficiency of the pleadings, and whether Jones was in default.[4]

## ANALYSIS

### A. *Kentucky Rules of Appellate Procedure*

As an initial matter, Jones failed to comply with the Kentucky Rules of Appellate Procedure ("RAP") 32(A)(4).  *Pro se* litigants must demonstrate a "good faith attempt to comport" with the requirements of RAP.  *See Hallis v. Hallis*, 328 S.W.3d 694, 697-98 (Ky. App. 2010) ("[W]e have every reason to expect the briefs filed by *pro se* appellate advocates to demonstrate a good faith attempt to comport with CR 76.12 [now RAP 32], our rule for preparing briefs.") (citing *Louisville and Jefferson County Metropolitan Sewer Dist. v. Bischoff*, 248 S.W.3d 533, 537 (Ky. 2007)).  Jones' Statement of the Case provides sufficient citations to the record on appeal, but his Argument section asserts numerous arguments without citations to the record or points of authority.  To the extent that

---

[4] In his initial brief, Jones claims that the Trial Court lacked subject matter jurisdiction based on the Complaint's reference to two repealed Kentucky Revised Statutes ("KRS"), one of which concerns a duty to register trusts (KRS 386.655), and the other identifying proper venue for proceedings regarding registered trusts (KRS 386.680).  Jones, however, fails to make a cogent argument that Vander Boegh's citation to the outdated statutes (which are now codified in the Uniform Trust Code, KRS 386B.2-040) renders the Trial Court without subject matter jurisdiction.  Instead, Jones conflates an argument of improper venue with a lack of subject matter jurisdiction.

specific arguments were made to the Trial Court, Jones also fails to provide preservation statements.

This Court has discretion to ignore Jones' deficiencies and proceed with review, strike the brief or its incompliant arguments, or review the issues raised for manifest injustice only. *See, e.g.*, *Commonwealth v. Roth*, 567 S.W.3d 591, 595-96 (Ky. 2019). Considering Jones' *pro se* status, his apparent and endeavored compliance, and the limited standard of review applicable to this appeal, we elect to overlook the deficiencies and proceed with our review. We must caution that our tolerance for Jones' RAP violations should not be taken as precedent.

### B. *Sufficiency of the Pleadings to Support Judgment*

A review of the pleadings demonstrates sufficient support for the Trial Court's default judgment. *See Crowder v. American Mut. Liberty Ins. Co.*, 379 S.W.2d 236, 238 (Ky. 1964); *see also Morgan v. O'Neil*, 652 S.W.2d 83, 85 (Ky. 1983) (indicating a default judgment cannot lie if the complaint fails to state a claim upon which relief may be granted). Vander Boegh's Complaint alleges a cause of action for contribution or unjust enrichment based on the Reimbursement Judgment recorded in McCracken County. The amount in controversy exceeds the Trial Court's jurisdictional threshold.

Contribution is simply an obligor's right to seek a proportional share of payment from a joint obligor in satisfaction of a legal obligation. *See* KRS 412.010 *et seq.*; *see also, e.g.*, *Degener v. Hall Contracting Corp.*, 27 S.W.3d 775, 779 (Ky. 2000). Vander Boegh's Complaint sufficiently supports enforcement of contribution based upon his payment of a monetary judgment that Jones is proportionally obligated to satisfy.

Regarding unjust enrichment, the elements are as follows: "'(1) a benefit conferred upon defendant at plaintiff's expense; (2) a resulting appreciation of benefit by defendant; and (3) inequitable retention of [that] benefit without payment for its value.'" *Furlong Dev. Co. v. Georgetown-Scott Cnty. Planning & Zoning Comm'n*, 504 S.W.3d 34, 39-40 (Ky. 2016) (quoting *Jones v. Sparks*, 297 S.W.3d 73, 78 (Ky. App. 2009)).

In Vander Boegh's Complaint, he identifies, by way of averment and exhibit, the existence of the Reimbursement Judgment that Jones is jointly and severally liable to satisfy. Vander Boegh further claimed satisfaction of the Reimbursement Judgment at his expense, without contribution from Jones. Finally, Vander Boegh claims that Jones failed to provide any reimbursement for the amount owed. Clearly, the sole pleading (Vander Boegh's Complaint), supports judgment for unjust enrichment.

Furthermore, Vander Boegh's Complaint specifically itemizes the liquidated damages as to each party defendant, thereby supporting the Trial Court's damages award. Therefore, we hold that the pleadings sufficiently support the Trial Court's Order Granting Default Judgment.

### C. *Jones' Defaulted Status*

CR 55.01 authorizes a trial court to enter judgment by default when a defendant fails "to plead or otherwise defend" as our Rules of Civil Procedure require. *See also Roscoe v. Angelucci Acoustical, Inc.*, 512 S.W.3d 730, 739 (Ky. App. 2017) ("A trial court may properly enter a default judgment in two circumstances: (1) when a defendant does not appear at all; or (2) when a defendant who has appeared in the action fails to defend as the Rules require."). Pursuant to CR 12.01, "[a] defendant shall serve his/her answer within 20 days after service of the summons upon him/her." This Rule also states that if a trial court denies a motion to dismiss, the "responsive pleading shall be served within ten (10) days after entry of the court's order."

Vander Boegh executed personal service of process on Jones on May 2, 2023. Jones responded to Vander Boegh's Complaint on May 16, 2023, with a Motion to Dismiss pursuant to CR 12.02. The Trial Court denied Jones' Motion to Dismiss in an Order issued on June 2, 2023, which was subsequently entered on June 6, 2023. Vander Boegh filed his Motion for Default Judgment or, in the

Alternative, Motion for Summary Judgment on June 28, 2023, well after the ten-day responsive pleading deadline. While Jones filed a "Motion to Dismiss all Accounting of Plaintiff's Attorney Fees and Costs Incurred in this Matter Attributable to Glenn Jones" on August 7, 2023, that motion neither constitutes an answer nor serves to toll the time to file a responsive pleading pursuant to CR 12.01. The Trial Court held a hearing on the matter on August 18, 2023, and subsequently issued the Order Granting Default Judgment on September 6, 2023. Based on this procedural history, we conclude that Jones was in actual default, as he failed to defend the action.

## Conclusion

For the reasons stated herein, we hereby affirm the McCracken Circuit Court Order Granting Default Judgment against Glenn Jones.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Glenn Jones
Makanda, Illinois

BRIEF FOR APPELLEE:

J. Paul Bradford
Paducah, Kentucky