**IN re Frank CIRILLO and Gail Cirillo.**

No. 88–02970.

United States Bankruptcy Court,
D. New Jersey.

Oct. 25, 1990.

**6**

Theodore Kozlowski, for debtor.

Scott Arons, for respondent.

## OPINION

### WILLIAM H. GINDIN, Chief Judge.

#### I. Introduction

Presently before the court, on remand from the District Court, is the application of Frank Cirillo, debtor herein, for a permanent injunction restraining Tice Entertainment, Inc. ("Tice") and Mark Levine from proceeding against Cirillo in a state court contract action. In accordance with the opinion and order of the District Court, this court has determined that the subject contract is executory, that it was properly deemed rejected on August 3, 1988, and that Tice and Levine are enjoined from proceeding with their state court action against debtor.

#### II. Facts

On July 1, 1987, Cirillo and Tice Entertainment, Inc. ("Tice") entered into a contract pursuant to which Tice became the personal manager of debtor, an entertainer. The subject contract provided that any money earned by Cirillo must be paid directly to Tice with debtor's 75% share, less Tice's expenses, distributed to him subsequently. In addition, Tice agreed to use its best efforts to promote debtor and to pay him an annual $26,000 salary. In exchange, debtor agreed to refrain from making personal appearances or from performing unless Tice had arranged it.

Debtor filed a voluntary Chapter 7 proceeding on May 4, 1988. In October of 1988, Cirillo began performing with Robert D'Andrea at the Showboat Hotel Casino and Bowling Center ("Showboat") in Atlantic City, New Jersey. Showboat paid D'Andrea who subsequently paid Cirillo directly. On November 22, 1988, Tice brought suit against Cirillo for breach of contract and against D'Andrea for tortious interference with the Tice–Cirillo contract in the Superior Court of New Jersey, Chancery Division, Middlesex County.

This court temporarily enjoined Tice and Levine from pursuing their state court action and scheduled a show cause hearing to determine whether the injunction should continue. By order of April 28, 1989, this court terminated that injunction. Cirillo appealed, and the matter was remanded to the bankruptcy court for a determination of whether the contract is executory and, if it is executory, whether the debtor may reject it. These issues are presently before the court.

#### III. Discussion

■ In the recent case of *In re James Taylor*, 91 B.R. 302 (Bankr.D.N.J.1988) *aff'd* 103 B.R. 511 (D.N.J.1989) *aff'd* 913 F.2d 102 (3d Cir.1990) the Court of Appeals for the Third Circuit affirmed the determinations of both the District Court and the Bankruptcy Court in holding that a recording contract between the debtor, a performer, and a recording company was executory where the contract contemplated performance by both parties into the future.

In making its determination, the Bankruptcy Court relied upon the Sixth Circuit's definition in *Sloan v. Hicks*, 761 F.2d 319 (6th Cir.1985), *cert. denied*, 474 U.S. 1006, 106 S.Ct. 528, 88 L.Ed.2d 460 (1985) where the court stated that " '[e]xecutory contracts involve obligations which continue into the future ... generally, they are agreements which include an obligation for the debtor to do something in the future.' " *Taylor*, 91 B.R. at 310 (citing *Sloan*, 761 F.2d at 322). The Bankruptcy Court additionally noted that although the Code does not define the term "executory contract", its legislative history states that the definition " 'generally includes contracts on which performance remains due to some extent on both sides.' " *Id.* (citing H.R. Rep. No. 595, 95th Cong., 1st Sess. 347 (1977), *reprinted in* 1978 U.S.Code Cong. & Admin.News 5787, 6303) *see also* Countryman, *Executory Contracts in Bankruptcy: Part I*, 57 Minn.L.Rev. 439, 460–62 (1973).

The Tice–Cirillo agreement, like the contract in *Taylor*, contemplated, and indeed required, the parties to perform their obligations into the future. Thus, the instant

contract is similarly executory. Having made this determination, the court must next consider whether debtor may reject the executory contract.

 In its affirming opinion, the Court of Appeals held that "the trustee's [1] authority to reject extends to all executory contracts—including personal-services contracts." *Taylor*, 913 F.2d at 107 (footnote added). Recognizing that its decision was one of first impression in this jurisdiction, the court reasoned that although § 365(c) would require the consent of the parties where the trustee intended to *assume or assign* an executory contract, there was no limitation upon the trustee's ability to reject them under § 365(a). In fact, the court held that "[o]n its face, the statute places no restrictions on a trustee's right to reject a personal services contract." *Taylor*, 913 F.2d at 106. Furthermore, in analyzing the legislative history of § 365, the District Court noted that it lacks any indication that personal service contracts are "outside the scope of the general provision allowing rejection of 'an executory contract' ". *Taylor*, 103 B.R. at 516 n. 4. As a result, the Tice–Cirillo agreement may be rejected.

 The issue which remains is whether this executory contract was rejected. 11 U.S.C. § 365 provides, *inter alia* that:

> (d)(1) In a case under chapter 7 of this title, if the trustee does not assume or reject an executory contract ... of the debtor within 60 days after the order for relief, or within such additional time as the court, for cause, within such 60 day period fixes, then such contract or lease *is deemed rejected.* (emphasis added).

In the instant case, debtor filed his Chapter 7 petition on May 4, 1988. As a result, debtor had 60 days in which to assume or reject the contract pursuant to 11 U.S.C. § 365(d)(1). Because debtor failed to assume or reject within the statutory period, and there was no extension permitted, or for that matter requested, the contract was automatically rejected on August 3, 1988, 60 days after the petition was filed.

**1.** Although § 365 only refers to the *trustee's* power to reject or assume executory contracts,

 Finally, this court additionally finds that rejection of the subject contract would be in the debtor's best interests. Furthermore, a decision to reject is within the proper exercise of debtor's business judgment. *See Sharon Steel Corp. v. Nat'l Fuel Gas Distrib. Corp.*, 872 F.2d 36 (3d Cir.1989).

## IV. Conclusion

For all of the foregoing reasons, this court finds that the personal services contract between Tice and Cirillo is executory and that it was properly deemed rejected on August 3, 1988, 60 days after the debtor's Chapter 7 petition was filed. As a result, the remedies available to Tice and Levine are limited to those provided in 11 U.S.C. § 365, and to filing a proof of claim with this court. Tice and Levine are thereby enjoined from proceeding with their state court action.

Counsel shall submit an order in accordance with this opinion within ten (10) days.

§ 1107 of the Code makes § 365 applicable to debtors-in-possession.