**Edward Paul MEYER, Jr., an Infant Who Sues by his father and Next Friend, Edward Paul Meyer, Sr., Appellant,**

**v.**

**David Wayne SMITH, an Infant, Appellee.**

Court of Appeals of Kentucky.

March 8, 1968.

Rehearing Denied June 28, 1968.

Henry A. Triplett, Hogan, Taylor, Denzer & Bennett, Louisville, for appellant.

Raymond O. Harmon and William P. Swain, Boehl, Stopher Graves & Deindoerfer, Homer Parrent, Jr., Louisville, for appellee.

WILLIAMS, Chief Justice.

Edward Paul Meyer, Jr., thirteen years of age, lost his left eye as a result of being struck in the face by a golf club swung by David Wayne Smith, ten years of age. In Edward's suit against David for damages the jury found against Edward and

judgment was entered dismissing the claim. Edward has appealed.

The main contention of the appellant is that he was entitled to a directed verdict because as a matter of law David was negligent and appellant was not contributorily negligent. As an alternative appellant argues that in any event he was not contributorily negligent so no contributory negligence instruction should have been given. We shall summarize the evidence.

David was visiting at Edward's home. Before David's arrival Edward had been playing with a golf club and ball, in his front yard. He had dug a hole in the grass plot between the sidewalk and the street, and would first hit the ball down the street and then see how many strokes it took him to return the ball to and into the hole. After David arrived Edward explained the game to him and they both played it for about an hour. Then they took a hike to a nearby creek and back. They went into the basement of Edward's home to clean off their shoes and then returned to the front yard. David picked up the golf club, moved the ball with his fingers to a high spot, and then swung at the ball. He missed it and as the club came around his left shoulder on the follow-through the head of the club struck Edward, who was standing behind him. The evidence was that David had his back to the hole when he swung at the ball.

On Edward's behalf it is argued that he could not have been contributorily negligent because (1) he thought they were no longer going to play golf when they came back to the front yard from the basement; (2) when he saw David pick up the club he thought David was merely going to putt the ball into the hole; and (3) he did not expect David to hit the ball hard because there was an automobile parked in the path the ball would have taken if hit hard. The difficulty with this argument is that Edward obviously knew David intended to do something with the club and ball when

he picked them up, placed the ball in a teed position, and grasped the club at the top end of the shaft; he should have known that David did not intend merely to putt the ball because David had his *back* to the hole; there was evidence that the line of flight the ball would have taken had David hit it as he intended was down the street where the boys had been hitting it before; and David testified that he said to Edward, before he swung the club, "Watch how far."

Edward admitted that he knew it was dangerous to stand close behind a person who was swinging a golf club.

In our opinion the evidence would have fully warranted a finding of contributory negligence, applying the standard of care of the ordinarily prudent child of the same age, intelligence and experience. See Williamson v. Garland, Ky., 402 S.W. 2d 80. It cannot be ascertained from the form of the verdict whether the jury found the plaintiff contributorily negligent or the defendant not negligent, but since the evidence would have warranted a finding of contributory negligence the court did not err in refusing to direct a verdict for the plaintiff. This being so, it is unnecessary for us to consider the question of whether the defendant was negligent.

The appellant makes a claim of trial error in the court's refusal to permit the appellant to use, in the cross-examination of David, a pretrial written statement by David. The reason for the refusal is not apparent from the record, nor does the appellee suggest any valid reason. It appears that the purpose of using the statement was to impeach the witness by showing a prior contradictory statement. To the extent it would have shown such prior contradiction the statement should have been permitted to be used. However, upon examining the statement and David's testimony we do not find any contradiction of such significance as to warrant treating the court's refusal of use of the statement as prejudicial error. David had testified

that before he swung the club he said to Edward, "Watch how far." In the written statement he had said, "Before I hit the ball I did not tell Junnie (Edward) I was going to hit the ball hard." There was no direct contradiction here, and we do not consider any inferential contradiction to be of much significance in view of the clear evidence that Edward must have known from David's actions alone that he intended to take a full swing at the ball.

The judgment is affirmed.

All concur.