**In re Sandra Ruth SMITH, Debtor.**

**Bankruptcy No. 38102281.**

United States Bankruptcy Court,
W.D. Kentucky.

Dec. 6, 1983.

Michael R. Gosnell, Louisville, Ky., counsel for Union Investment.

David M. Cantor, Louisville, Ky., for debtor.

William S. Bornstein, Louisville, Ky., for Irvin Kahn & Son, Inc.

### MEMORANDUM AND ORDER

MERRITT S. DEITZ, Jr., Bankruptcy Judge.

In the course of conducting discharge hearings in this court, we had heretofore thought no proposition so clear as that a reaffirmation agreement concerning mortgaged real estate is binding on the debtor, regardless of whether the judge gives such a contract his official approval in open court. The present controversy draws into question that basic assumption.

By way of background, 11 U.S.C. § 524 requires that a discharge hearing must be held at which debtors are given what amounts to a short judicial seminar on the meaning and effect of the discharge to be given and on the rights and duties of debtors as they leave the bankruptcy womb, financially reborn, for the harsh real world of binding contracts.

Because of the sheer numbers of debtors involved and the resulting need to conduct such docket activity with dispatch, the "discharge hearings" have evolved, in this district at least, into purely pro forma proceedings having only ritual significance, if any.

At such hearings we have foregone any detailed consideration of real estate reaffirmation agreements in the belief that no formal court approval—or, for that matter, disapproval—would alter the binding effect

of such a contract, voluntarily undertaken. We are, in each case, aware of such real estate reaffirmation agreements as they appear in the file, and we tell debtors that those contracts are binding on them simply because they have signed them. But we have withheld formal approval, interpreting 11 U.S.C. § 524 quite literally as requiring court approval of reaffirmation agreements *only* "to the extent that such debt is a consumer debt *that is not secured by real property of the debtor . . .*" 11 U.S.C. § 524(c)(4) and 524(d)(2).

Consumer debts and real estate mortgages are the only types of contract obligations specifically mentioned in Section 524, and the latter, alone among contracts, is excepted from the general requirement for judicial inspection and approval. The exception juts out of the statutory landscape like a promontory of free will, exercisable by the individual alone without any paternalistic overview whatsoever. The congressional purpose in excluding such debts from our scrutiny was to facilitate the felt need of debtors to keep their homes as part of a meaningful "fresh start" and to remove judicial participation from the exercise of that intensely personal motive.

In any event, the debtor in this case *did* enter into a reaffirmation agreement in order to keep her home; *did* attend a discharge hearing; *was* advised of her right to disavow any reaffirmation agreement within 30 days of the hearing date; and *did not* thereafter disavow the contract.

What happened, instead, was that many months after the discharge hearing, when the home mortgage payments once again came into default, the lender foreclosed, and now seeks to enforce the resulting deficiency judgment against the debtor.

This debtor, Sandra Smith, has moved to reopen her bankruptcy case in order to contend that (1) the reaffirmation agreement was not the subject of a hearing and did not receive formal court approval; (2) since no hearing was conducted the 30-day grace period for disavowal never commenced, and that therefore (3) she may, even now, disavow the contract and the mortgage debt will thus stand discharged.

To begin with, the record clearly shows that the discharge hearing was conducted and the debtor advised of her rights. The reaffirmation agreement on the home was then part of the record and was not timely rescinded by the debtor. Further, as we have said, no court action was deemed necessary to further strengthen its binding effect.

If any citation of authority is necessary to support the literal operation of Section 524, we may point to the case of *In re Coots,* 4 B.R. 281 (Bkrtcy.S.D.Ohio 1980) as holding that no court approval is necessary for reaffirmation agreements on secured real estate. Even in the absence of that case and counsel's reliance on it, however, we would be fully prepared to stand on a statute whose language is so clear as to need virtually no interpretation.

The present case is, quite badly put, an artful contrivance of counsel to remedy a postbankruptcy financial difficulty by fabricating a narrow procedural defect in the long-closed bankruptcy proceeding and then jumping backward through the loophole thus created. Toward such creative endeavors we feel more admiring than unkindly, but we nevertheless must dismiss this debtor's claim of dischargeability of the debt in question.

In accordance with the foregoing, it is hereby ORDERED that the relief sought by the debtor is denied, and the Clerk of the Court is instructed to again close the within file. This is a final order.