**In re Judy MOORE fka Judy Parrett, Charles Edward Moore, Debtors.**

**Bankruptcy No. 2–84–03268.**
**Adv. Nos. 273–56–0268, 294–46–7618.**

United States Bankruptcy Court,
S.D. Ohio, E.D.

June 26, 1985.

Samuel L. Calig, Zanesville, Ohio, for debtors.

Gary D. Kenworthy, Circleville, Ohio, for Beneficial.

Barbara J. Lucks, Circleville, Ohio, for Citizens.

Frank M. Pees, Chapter 13 Trustee.

## ORDER DENYING CONFIRMATION AND DISMISSING CASE

G.L. PETTIGREW, Bankruptcy Judge.

The powerful remedy of Chapter 13 does not include waiving performance of a Chapter 7 reaffirmation agreement in order to reinstate a note and mortgage. Further, repetitive bankruptcy filings and use of litigation by these debtors is abuse of the bankruptcy process.

The debtors, Charles and Judy Moore, propose in their Chapter 13 Plan to cure defaults and to reinstate mortgages that were the subject of reaffirmation agreements in a prior Chapter 7 case. Citizens Bank of Ashville (Citizens) and Beneficial Financial Services (Beneficial) object to confirmation of the Plan. The Court denies confirmation because the Plan modifies the rights of these creditors contrary to 11 U.S.C. § 1322(b)(2) and it is not proposed in good faith as required by 11 U.S.C. § 1325(a)(3). The Court orders that this case be dismissed.

### FINDINGS OF FACT

The instant case is the third bankruptcy petition filed by the debtors in the past three years. The debtors commenced the first case under Chapter 13 on September 15, 1981 (Case No. 2–81–03607). Both Citizens and Beneficial objected to confirmation of that Plan. On March 10, 1982 the

Court dismissed the case after a hearing on the trustee's motion to dismiss.

The debtors filed the second case under Chapter 7 on April 5, 1982 (Case No. 2–82–01273). The Court granted debtors a discharge on February 8, 1983. Prior to discharge, the debtors entered into reaffirmation agreements with Beneficial and with Citizens as to the original promissory notes and mortgages on their residential real estate. The agreements provided for the current monthly payments and for curing of the arrearages. The agreements stated that debtors agreed to surrender their interest in the property pledged as security in the event of non-payment. The debtors defaulted on both reaffirmation agreements by failing to cure arrearages and to make consistent monthly payments.

Mrs. Moore commenced the instant Chapter 13 case on October 19, 1984 (Case No. 2–84–03268). After a hearing on February 26, 1985, this Court denied confirmation of her Plan because it lacked feasibility and allowed her twenty days to amend the Plan. Mr. Moore joined the pending case on April 9, 1985.

Citizens and Beneficial object to the amended Plan which proposes to cure arrearages inside the Plan and to make current mortgage payments outside the Plan. Each contends that the debtors have not proposed the Plan in good faith, that the Plan is still not feasible, and that the Plan impermissibly modifies their rights contrary to § 1322(b)(2). Additionally, the debtors defaulted on the reaffirmation agreements. Both creditors are oversecured. Citizens holds a first mortgage on debtors' home while Beneficial has a second mortgage.

## CONCLUSIONS OF LAW

Chapter 13 allows a debtor to cure a mortgage default and to reinstate the mortgage pursuant to 11 U.S.C. § 1322(b). *In re Glenn*, 760 F.2d 1428 (6th Cir.1985); *In re Taddeo*, 685 F.2d 24 (2d Cir.1982). These rehabilitative powers of Chapter 13 enable a debtor to protect his home. However, this is not an absolute right. The instant case does not present the normal mortgage default and proposal for cure contemplated by or within the scope of Chapter 13. Here, the debtors defaulted on a reaffirmation agreement.

■ The only manner in which a debtor's personal liability on a pre-petition debt can survive a discharge is through an enforceable reaffirmation agreement between the debtor and creditor pursuant to 11 U.S.C. § 524(c). *In re Grimes*, 6 B.R. 943, 946 (Bky.D.Kansas 1980). A reaffirmation agreement is a voluntary and consensual act by the debtor and is a new promise by the debtor to pay a secured obligation. The terms and conditions of the new contract control the rights and responsibilities of the parties. Any pre-petition agreements between the parties become unenforceable against the debtor and become subject to the reaffirmation agreement.

■ A real estate mortgage debt may be used as consideration for a reaffirmation agreement. *In re Coots*, 4 B.R. 281, 282 (Bky.S.D.Ohio 1980). Prior to the 1984 Amendments, § 524(c)(4) of the Bankruptcy Reform Act of 1978 specifically excepted consumer debts secured by realty from the general requirement of judicial inspection and approval. The Congressional purpose in excluding such debts was to facilitate the need of debtors to keep their homes in conjunction with the "fresh start" policy of bankruptcy. *In re Smith*, 35 B.R. 95, 96 (Bky.W.D.Ky.1983). Consequently, the reaffirmation agreement reinstates the terms of the promissory note and mortgage.

■ In the instant case, the debtors have breached the terms of the reaffirmation agreements by failing to make regular monthly payments and to cure the arrearages. The reaffirmation agreements are the controlling instruments and until such agreements have been performed, the original notes and mortgages are not reinstated. The debtors did not challenge the validity of the reaffirmation agreements. Additionally, debtors have availed themselves repeatedly of the protection of the bankrupt-

cy laws, while failing to perform their obligations to creditors. The debtors' use of bankruptcy relief is abusive filing, not in the spirit or purpose of the bankruptcy laws as codified in the concept of "good faith".

For the reasons stated above, the Court denies confirmation of the debtors' Plan and orders the case dismissed.

IT IS SO ORDERED.