**In re Antoinette M. HOTUJAC, Debtor.**

**Bankruptcy No. 89–40819–W–13.**

United States Bankruptcy Court, W.D. Missouri.

Aug. 3, 1989.

Maurice B. Soltz, Kansas City, Mo., for debtor.

Michael P. Gaughan, Kansas City, Mo., for American Bank.

Rick Fink, Kansas City, Mo., Chapter 13 Trustee.

## MEMORANDUM OPINION

FRANK W. KOGER, Bankruptcy Judge.

Debtor, along with her former husband, (Terry Langhsaw), filed a Petition For Relief under Chapter 7 on March 15, 1988 in the District of Kansas. On April 15, 1988, debtor was divorced from Mr. Langhsaw. On May 26, 1988, debtor reaffirmed her indebtedness to movant (American Bank). This debt was secured by a 1986 Chevrolet motor vehicle. Debtor fell behind on payments and movant filed a Motion For Relief From Stay. Debtor cured the arrearage and was finally granted discharge on December 21, 1988. Debtor made no further payments on the motor vehicle and when the movant sought to repossess same, debtor filed this Chapter 13 in the Western District of Missouri. Debtor lost her employment and was unemployed until March of 1989.

Movant challenges this second step in a "Chapter 20" process, alleging that it was not filed in good faith, was filed to vitiate the Chapter 7 reaffirmation, and does not provide movant with adequate protection for the depreciation of its collateral. This opinion will touch on those contentions in order.

■ In the Eighth Circuit, the starting point for determination as to good faith is *In re Estus,* 695 F.2d 311 (8th Cir.1982) wherein the court outlined eleven factors relevant to a good faith determination. Of those eleven factors, # 6, # 9, and # 10 seem pertinent in this case. Those factors are:

# 6. The extent to which secured claims are modified.

# 9. The frequency with which the debtor has sought relief under the Bankruptcy Reform Act.

# 10. The motivation and sincerity of the debtor in in seeking Chapter 13 relief.

As to # 6, debtor's plan provides for payment in full of movant's claim at a rate which will exceed the monthly payment set out in movant's retail time installment contract. Of course, debtor is several installments behind and it will take some time for debtor to catch up. However, within the life of the plan, movant will be paid in full and at its contract rate of interest. Thus, the modification of the secured debt is minimal.

As to # 9, debtor has had two experiences with the Bankruptcy Reform Act. The Kansas Chapter 7 which possibly went in tandem with debtor's divorce, cleaning up the marital debts, and the Missouri Chapter 13. They were filed a year apart and hardly qualify for the term "repetitive filing".

As to # 10, through all of the proceedings, debtor has sought to pay movant. She reaffirmed in the Chapter 7; she sought to pay movant in installments before filing Chapter 13; she proposes to pay movant in full, together with all contract rate interest, in her plan.

It, therefore, seems to the Court that an analysis of the *Estus, Id.,* factors weighs against movant. Further, subsequent to

that decision, 11 U.S.C. § 1325 was amended to provide—

> (B) the plan provides that all of the debtor's projected disposable income to be received in the three year period beginning on the date that the first payment is due under the plan will be applied to make payments under the plan.

Some courts have taken that provision as to the sole standard for good faith. Although this Court is not willing to go to that extent, it certainly considers same in determining the issue. Debtor's monthly income is $882.96. Her monthly expenses are $625.00 and her plan calls for the payment of $250.00 per month which is only $7.96 less than her total disposable income. Her plan is scheduled for more than 36 months and contains no provision for unexpected contingencies that could certainly exceed $7.96 per month. The Court believes that under either the *Estus, Id.* test or the purported new standard, debtor meets the test of good faith.

■ The second issue raised by movant is whether a debt reaffirmed in a Chapter 7 becomes holy writ and cannot thereafter be changed or modified by temporal powers. Movant cites *In re Moore*, 50 B.R. 301 (Bkrtcy.S.D.Ohio 1985) which refused to confirm a Chapter 13 that was the third filing by debtors. In that case debtors had filed a Chapter 13 which was dismissed; filed a Chapter 7 in which they reaffirmed three obligations and were discharged; defaulted on the three obligations and then filed a new Chapter 13. Judge Pettigrew stated:

> "A reaffirmation agreement is a voluntary and consensual act by the debtor and is a new promise by the debtor to pay a secured obligation". (l.c. 302).

However, in the next paragraph following that statement, Judge Pettigrew stated:

> "Consequently, the reaffirmation agreement reinstates the terms of the promissory note and mortgage". (l.c. 302).

Then in the next paragraph Judge Pettigrew stated:

> "The reaffirmation agreements are the controlling instruments and until such agreements have been performed, the original notes and mortgages are not reinstated". (l.c. 302).

■ This Court trusts that it is not being overly technical in suggesting that those three statements do not present a clear pattern in describing what a reaffirmation is or does. It seems to this Court that a reaffirmation agreement may either reinstate the terms of the original agreement, in total, or may reinstate only some portions of the original agreement. Where the original agreement and the reaffirmation agreement differ, the reaffirmation agreement controls. Where they do not specifically differ, the original agreement controls. In either event, the original agreement is reinstated, except as to any differing terms, and rises from the tomb of bankruptcy like a latter day Lazarus.

■ As to the issue of adequate protection, the movant has failed to carry its burden. Debtor asserts the vehicle has a value of $5,000.00. Movant has filed a claim for $4,680.00. A 1984 vehicle is not going to depreciate faster than debtor's plan proposes to pay movant. So long as the vehicle is insured, movant is adequately protected by the equity cushion shown in the file.

The Motion of American Bank is DENIED.

This Memorandum Opinion constitutes Findings of Fact and Conclusions of Law as required by Rule 7052, Rules of Bankruptcy.

SO ORDERED.