William HOKE, Appellant,

v.

R. Keith CULLINAN, Appellee.

No. 95–SC–042–DG.

Supreme Court of Kentucky.

Nov. 22, 1995.

Rehearing Denied Feb. 22, 1996.

Valerie W. Herbert, Ricketts & Travis, Louisville, for Appellant.

Robert R. deGolian, Henry A. Triplett, Bennett, Bowman, Triplett & Vittitow, Louisville, for Appellee.

LAMBERT, Justice.

The issue decided by the Court of Appeals and of which this Court granted discretionary review is whether a complaint alleging ordinary negligence is sufficient to state a claim for relief for injuries received in a sporting contest. By virtue of the trial court's dismissal of the case and the Court of Appeals' reversal, we must also decide whether the evidence precluded summary judgment, and whether the trial court acted prematurely.

What transpired between the parties is essentially undisputed. Appellant and appellee were engaged in a doubles tennis match, and at the time of the accident, were playing on opposing teams. In the course of a game and after completion of a point, appellant, standing at or near his own baseline, undertook to return a ball to the server, appellee's playing partner. Appellant struck the ball with his racket in the direction of the server but it struck appellee, who was standing near the net, about his left eye. The only facts which are at all disputed are whether appellant yelled "ball" in an effort to give warning when it appeared the ball might strike appellee, and whether appellant was angry over having misplayed the previous point and returned the ball too aggressively. From being struck with the tennis ball as aforesaid, appellee claims to have sustained personal injuries.

Appellee brought this civil action in the Jefferson Circuit Court seeking compensatory damages. He alleged that appellant "negligently and carelessly drove a tennis ball into plaintiff's face and injured his left eye and other parts of his body." Appellee also claimed "that at the time and place described, the tennis play had stopped and plaintiff was in a protected state and location." In his answer appellant denied the material averments of the complaint and the parties commenced the taking of one another's depositions. After the depositions of the parties had been taken and after certain written interrogatories had been propounded and answered, appellant moved to dismiss the complaint, pursuant to CR 12.02, for failure to state a claim upon which relief could be granted. In his memorandum accompanying the motion to dismiss, appellant argued that liability for injuries occurring in the course of a sporting contest required enhanced negligence as opposed to simple negligence and that a pleading which failed to allege recklessness or its equivalent failed to state a claim upon which relief could be granted.

Appellee argued otherwise. In response to the motion to dismiss, he contended that at the moment of the injury-producing incident play was not in progress and that rules of law requiring proof of recklessness for claims arising out of sports injuries were inapplicable. Appellee contended that under the prevailing circumstances he was required

to plead and prove only simple negligence. In reply, appellant contended that the return of tennis balls from one side to the other was a regular part of the game, and that the legal standard with respect to imposition of civil liability was not suspended between points.

While the motion which brought the matter before the court was styled as a motion to dismiss pursuant to CR 12.02, in their memoranda, the parties extensively argued the deposition testimony. The court's order taking the matter under submission characterized it as a motion for summary judgment. In the trial court's memorandum opinion and order, there is a full discussion of the undisputed facts and a discussion of the law relating to civil liability for injuries occurring in sports contests. In what is clearly the *sine qua non* of the case from its perspective, the trial court said:

> To begin, this Court does not believe that the fact the ball was not actually "in play" when Mr. Cullinan was injured is a significant factor in determining liability. Both Mr. Cullinan and Mr. Hoke agree that the game was not over at the time of the incident. There does not exist any doubt that Mr. Hoke was, in fact, returning the ball to the server of the opposing team at the time of the incident. Consequently, this Court will hold that the incident took place during the game and, thus, will determine the standard of care in relation thereto.

Thereafter, the court held that simple negligence was an insufficient basis upon which to predicate a claim of this type and that the law required proof of reckless or intentional conduct. Concluding, the trial court said:

> [T]his court must find in favor of the defendant as the plaintiff has not shown any evidence to indicate that the defendant acted in either a reckless or intentional way in causing plaintiff's injuries.

Judgment was entered dismissing the complaint with prejudice.

■ Prior to continuing our journey through the procedure and substance of this case, and to avoid confusion which might otherwise arise, it is necessary to comment upon the case at the point of final judgment in the trial court. First, the record is with-

out any indication that appellee was denied an opportunity to present all evidence he desired to present. The motion to dismiss was filed on June 14, 1993. Appellee responded by memorandum filed on July 14, 1993. The court granted appellant leave to file a reply memorandum by order entered on August 2, 1993. Notice of submission for final adjudication was given on August 3, 1993, and not until September 13, 1993, was the trial court's memorandum opinion and order entered. Neither before nor after judgment did appellee seek to present additional evidence by affidavit or otherwise. There is simply no suggestion that the trial court acted prematurely with respect to its decision.

■ Similarly, we recognize that the trial court may have erroneously stated that its ruling was on a motion to dismiss. In fact, and despite its characterization, the trial court rendered a summary judgment pursuant to CR 12.03 and CR 56. Contrary to the view of some, our decision in *Steelvest, Inc. v. Scansteel Service Ctr.*, Ky., 807 S.W.2d 476 (1991), does not preclude summary judgment. Provided litigants are given an opportunity to present evidence which reveals the existence of disputed material facts, and upon the trial court's determination that there are no such disputed facts, summary judgment is appropriate.

Despite the substance of the trial court's memorandum opinion and order, the Court of Appeals took a highly restricted view of the issues which were before it. The Court of Appeals expressly refused to reach the question of summary judgment and limited its opinion to a determination of whether the complaint stated a claim upon which relief could be granted. The issue identified and decided by the Court of Appeals was as follows: "The question here is whether a pleading that alleges negligence in general terms is sufficient to encompass reckless conduct. We believe that it is." The Court of Appeals concluded by saying:

> To summarize, conduct that evidences a reckless disregard for the safety of other persons is gross negligence. A general averment of negligence is sufficient to per-

mit proof of recklessness. It was not necessary for Cullinan to allege that Hoke acted recklessly or in a grossly negligent manner in order to resist a CR 12.03 motion to dismiss his complaint for failure to state a claim upon which relief can be granted.

While the view of the Court of Appeals with respect to the pleading requirement is clear enough, we are unsure as to what it anticipated would occur upon remand. Inasmuch as the trial court had already stated that the undisputed evidence demonstrated appellant's entitlement to summary judgment, the content of the pleadings was virtually irrelevant. What was relevant and what the Court of Appeals declined to address was whether reckless disregard or some such elevated standard of negligence is minimally required for a plaintiff to prevail in cases such as this. The view of the Court of Appeals appears to have been that whatever legal standard was employed, the trial court acted prematurely in rendering summary judgment.

■ At the outset, we regard it as of little moment that the trial court failed to clearly distinguish between motions to dismiss for failure to state a claim and motions for summary judgment. Manifestly, CR 12.03 contemplates a relationship between these procedural vehicles and contemplates that a motion for judgment on the pleadings may be treated as one for summary judgment and disposed of in that manner. While the language of the memorandum opinion and order sounds as a CR 12.02 ruling, its substance is clearly otherwise. As stated hereinabove, the trial court applied the undisputed facts to what it believed to be the law with the result being that appellant was determined to be entitled to summary judgment.

■ Reckless disregard for the safety of others is the generally prevailing minimum standard for imposition of civil liability for personal injuries arising out of athletic contests. Leading cases reflecting this view are: *Hackbart v. Cincinnati Bengals, Inc.*, 601 F.2d 516 (10th Cir.1979); *Knight v. Jewett*, 3 Cal.4th 296, 11 Cal.Rptr.2d 2, 834 P.2d 696 (1992); *Nabozny v. Barnhill*, 31 Ill.App.3d 212, 334 N.E.2d 258 (1975); *Gauvin v. Clark*, 404 Mass. 450, 537 N.E.2d 94 (1989); *Ross v. Clouser*, 637 S.W.2d 11 (Mo.1982); *Dotzler v. Tuttle*, 234 Neb. 176, 449 N.W.2d 774 (1990); *Kabella v. Bouschelle*, 100 N.M. 461, 672 P.2d 290 (Ct.App.1983); *Thompson v. McNeill*, 53 Ohio St.3d 102, 559 N.E.2d 705 (1990); *Marchetti v. Kalish*, 53 Ohio St.3d 95, 559 N.E.2d 699 (1990). In many of the foregoing cases, the *Restatement (Second) of Torts* § 500 [1], has been adopted as the standard of proof to be applied to damage claims sounding in tort between players in a sports activity. *See* 57A Am.Jur.2d *Negligence* § 296. A view often expressed is that such a standard promotes sound public policy by allowing redress in extraordinary circumstances without permitting fear of litigation to alter the nature of the game. Courts have recognized that, in the heat of an athletic contest, normal energetic conduct may include accidentally careless behavior. *Knight v. Jewett*, 3 Cal.4th 296, 11 Cal.Rptr.2d 2, 834 P.2d 696 (1992), expressed the concept as follows:

> In reaching the conclusion that a coparticipant's duty of care should be limited in this fashion, the cases have explained that, in the heat of an active sporting event like baseball or football, a participant's normal energetic conduct often includes accidentally careless behavior. The courts have concluded that vigorous participation in such sporting events likely would be chilled if legal liability were to be imposed on a participant on the basis of his or her ordinary careless conduct. The cases have recognized that, in such a sport, even when a participant's conduct violates a rule of the game and may subject the violator to internal sanctions prescribed by the sport itself, imposition of *legal liability* for such

---

1. The *Restatement (Second) of Torts* § 500 provides:

The actor's conduct is in reckless disregard of the safety of another if he does an act or intentionally fails to do an act which it is his duty to the other to do, knowing or having reason to know of facts which would lead a reasonable man to realize, not only that his conduct creates an unreasonable risk of physical harm to another, but also that such risk is substantially greater than that which is necessary to make his conduct negligent.

conduct might well alter fundamentally the nature of the sport by deterring participants from vigorously engaging in activity that falls close to, but on the permissible side of, a prescribed act.

*Id.* 3 Cal.4th at 317, 11 Cal.Rptr.2d at 16, 834 P.2d at 710. In decisional law, it is generally conceded to be unwise to hold an athletic contest participant liable to a co-participant for ordinarily careless conduct. Not until a participant's conduct reaches a level of recklessness should civil liability attach. While this Court has not heretofore addressed this issue, the reasoning and views adopted elsewhere and cited hereinabove are compelling and appropriate for this jurisdiction.[2]

■ In his brief appellee more or less acknowledges that certain risks are inherent in athletic participation and that a standard of recklessness for recovery of damages is broadly applied. He contends, however, that such a rule does not apply during the time between points in a tennis game and would limit the general rule to that time in which a point is actually being contested. We believe, with the trial court, that any such formulation is too restrictive.

In most sports some preparatory acts are required. In baseball and softball, it is necessary for the catcher to return an unstruck ball to the pitcher prior to continuation of the game. In basketball, after a goal is scored or a violation called, the offensive team must take the ball out of bounds prior to resumption of play. In volleyball, after play of a point is completed, the ball must be returned to the server on the offensive team prior to play of the next point. In the foregoing examples, interruption of play is an integral part of the ongoing contest. Likewise, in the case at bar, appellant's return of the tennis ball to the server was an anticipated and routine part of the game. In this case the trial court held "that the incident took place during the game and, thus will determine the

standard of care in relation thereto." We agree.

Upon our determination that the legal standard set forth in *Restatement (Second) of Torts* § 500 was properly applied by the trial court ("this Court can find no indication that Mr. Hoke was acting either recklessly or intentionally when he volleyed the ball back to the opposing team and hit Mr. Cullinan"), this opinion could be concluded and the final judgment merely reinstated. However, inasmuch as the pleadings filed herein have been placed at center stage, we deem it appropriate to comment upon whether an allegation of simple negligence as in this case is broad enough to include recklessness.

■ Despite the informality with which pleadings are nowadays treated, and despite the freedom with which pleadings may be amended, CR 15.01, the central purpose of pleadings remains notice of claims and defenses. *Lee v. Stamper,* Ky., 300 S.W.2d 251 (1957); *see also Morgan v. O'Neil,* Ky., 652 S.W.2d 83 (1983). In view of the qualitative differences between negligence and recklessness, the former consisting of a failure to exercise ordinary care and the latter consisting of conscious indifference, we doubt that an allegation of simple negligence gives notice that recklessness is charged. *See Kirschner v. Louisville Gas & Elec.,* Ky., 743 S.W.2d 840 (1988) (quoting with approval the discussion of willful, wanton or reckless conduct found in W. Page Keeton, et al., *Prosser and Keeton on the Law of Torts* § 34, at 212–13 (5th ed. 1984)).

■ From the record there does not appear to have been any oversight in appellee's complaint which should be liberally construed in the interest of substantial justice. CR 8.06. Long before this case was finally dismissed, a motion was made to dismiss for failure to state a claim but appellee sought no amendment of his complaint. Appellee pled exactly what he intended. He asserted a

---

2. The case of *Meyer v. Smith,* Ky., 428 S.W.2d 612 (1968), has been cited as possibly establishing a standard of ordinary negligence for recovery in sports injury cases. We believe any such characterization is erroneous. In that case, two boys, one ten and one thirteen, were playing together in the front yard and one grievously

injured the other with a golf club. In our view, this was not a sporting contest, certainly not of the type under discussion here. It merely involved two youngsters playing together and the golf club and the golf ball were merely incidental to their play.

right of recovery at the moment the ball struck him based on simple negligence. He did not believe it was necessary or appropriate to plead recklessness or any heightened standard of negligence. It has now been determined that appellee's view of the law was erroneous, but the result of this case has been wholly unaffected by any error or omission in the pleadings.

For the foregoing reasons, the opinion of the Court of Appeals is reversed and the final judgment of the Jefferson Circuit Court is reinstated.

STEPHENS, C.J., and LAMBERT, REYNOLDS, STUMBO and WINTERSHEIMER, JJ., concur.

JAMES LEVIN, Special Justice, files a dissenting opinion in which FUQUA, J., joins.

JAMES LEVIN, Special Justice, dissenting.

Respectfully, I dissent.

The sole issue in this case is whether the complaint alleging ordinary negligence is sufficient to state a claim for injuries received during a sporting contest. CR 8.01 states:

(1) A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (a) a *short and plain statement of the claim showing that the pleader is entitled to relief* and (b) a demand for judgment for the relief to which he deems himself entitled. [Emphasis added.]

The Cullinan complaint alleged that Hoke "negligently and carelessly drove a tennis ball into [Cullinan's] face," injuring him. After discovery depositions were taken of Hoke and Cullinan, Hoke moved for a judgment on the pleadings pursuant to CR 12.03. The trial court dismissed the complaint on the basis that the "plaintiff has not shown any evidence to indicate that the defendant acted in either a reckless or intentional way in causing plaintiff's injuries." The trial court considered the deposition testimony of the parties, so that the motion to dismiss was treated as a motion for summary judgment.

I agree with the opinion rendered by the Court of Appeals, "if the order is viewed as one granting summary judgment, it was premature inasmuch as discovery was not complete when entered. See *Steelvest, Inc. v. Scansteel Service Ctr.*, Ky., 807 S.W.2d 476 (1991)."

In *Lexington Country Club v. Stevenson*, Ky., 390 S.W.2d 137 (1965), the plaintiff sued the golfer and the Country Club for the loss of her eye as a result of being struck in the eye by a golf ball. The case was submitted to the jury on the question of negligence against the golfer and negligence of the Country Club for having an unreasonably dangerous layout. This Court affirmed the verdict in favor of the golfer and against the golf course.

A complaint that alleges negligence should be all that is necessary in a sports setting since foreseeability and assumption of the risk issues are involved in the negligence question and should be determined in the light of the circumstances of each fact situation.

This was not a summary judgment case. The court should have restricted its review to determine the sufficiency of the complaint. This case does not lend itself to determining the standard of care that should be applied in the event of an injury arising in a sporting event.

I would affirm the opinion of the Court of Appeals only so far as it holds that a general averment of negligence is sufficient to permit proof of recklessness and would remand the case to the trial court for further proceedings.

FUQUA, J., joins.