Ralph HIBBITTS and Shirley
Hibbitts, Appellants,

v.

CUMBERLAND VALLEY NATIONAL
BANK & TRUST COMPANY,
Appellee.

No. 1996–CA–002977–MR.

Court of Appeals of Kentucky.

Sept. 4, 1998.

Shirley Allen Cunningham, Jr., Lexington, for Appellant.

Terry R. Beckner, London, for Appellee.

Before ABRAMSON, BUCKINGHAM and COMBS, JJ.

### OPINION

BUCKINGHAM, Judge.

Ralph and Shirley Hibbitts (the Hibbittses) appeal from an order of the Laurel Circuit Court which granted summary judgment to Cumberland Valley National Bank & Trust Company (Cumberland Valley). For the reasons set forth hereinafter, we affirm.

In August 1992, the Hibbittses executed and delivered a promissory note to Cumberland Valley in the principal amount of $17,-128.44 together with interest at the rate of 11.02 percent per annum. In December 1993, the Hibbittses filed for bankruptcy and listed the note on the bankruptcy petition.

In May 1994, while the bankruptcy proceedings were pending, the Hibbittses signed a reaffirmation agreement with Cumberland Valley whereby the Hibbittses agreed to pay Cumberland Valley the remainder due on the 1992 note. The agreement stated that the

unpaid principal balance was $15,098.24 and provided that the amount would be paid in forty-eight monthly installments of $250 each, with a final installment of $7,765.49 to be paid on May 8, 1998. The agreement was signed by the Hibbittses and their attorney and was filed with the bankruptcy court. The Hibbittses did not, however, sign a new promissory note to accompany the reaffirmation agreement. In June 1994, the Hibbittses obtained a discharge of their remaining indebtedness from the bankruptcy court.

Cumberland Valley filed an action in May 1996 to collect on the 1992 note, alleging that the Hibbittses had defaulted on the note and that it was "delinquent, overdue and unpaid." The Hibbittses filed an answer to Cumberland Valley's complaint, whereupon Cumberland Valley filed a motion for summary judgment. The motion was accompanied by an affidavit of a senior vice-president of Cumberland Valley detailing the amount allegedly owed by the Hibbittses on the 1992 note.

The Hibbittses filed a response to the summary judgment motion in which they set forth the standards for granting summary judgment and alleged that there had been inadequate time for discovery. The Hibbittses also argued that they did not owe Cumberland Valley on the 1992 note because it had been discharged by bankruptcy and that they were not bound to repay the note under the reaffirmation agreement because they did not sign a new note representing the agreement. Their response to the summary judgment motion did not include an accompanying affidavit.

The trial court granted Cumberland Valley's summary judgment motion, ruling that the Hibbittses were bound by the reaffirmation agreement despite their failure to sign an accompanying promissory note. This appeal by the Hibbittses followed.

The standard for summary judgment is clear:

A movant should not succeed in a motion for summary judgment unless the right to judgment is shown with such clarity that there is no room left for controversy and it appears impossible for a nonmoving party to produce evidence at trial warranting judgment in his favor. Summary judg-

ment is to be cautiously granted and should not be used as a substitute for trial or merely for the sake of efficiency or expediency.... The motion for summary judgment must convince the circuit court from evidence in the record of the nonexistence of a genuine issue of material fact.

*Hubble v. Johnson*, Ky., 841 S.W.2d 169, 171 (1992), *citing Steelvest, Inc. v. Scansteel Service Ctr., Inc.*, Ky., 807 S.W.2d 476 (1991). On appeal, the standard of review when a trial court grants a motion for summary judgment is "whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft*, Ky.App., 916 S.W.2d 779, 781 (1996). The trial court's decision on the matter is entitled to no deference as factual findings are not at issue. *Id.*

■■■■ The parties disagree about the relative burdens to be borne by the party making the motion for summary judgment and the party opposing the motion. This issue was clearly answered in *Steelvest, supra*, when the Kentucky Supreme Court noted that "the movant has the initial burden of showing that no genuine issue of material fact exists" whereupon the burden shifts as "a party opposing a properly supported summary judgment motion cannot defeat it without presenting at least some affirmative evidence showing that there is a genuine issue of material fact for trial." *Steelvest, supra* at 482. *See also Hubble, supra* at 171.

The Hibbittses argue on appeal that the original note was discharged in bankruptcy, that the reaffirmation agreement was not binding due to their failure to sign a promissory note, and that Cumberland Valley refused to accept payment under the terms of the original note. The Hibbittses neither cite to the record nor have we located anything in the record which would support their theory that Cumberland Valley refused to accept payment under the original note. As this theory was not propounded to the trial court, it may not be raised before this court as "[t]he Court of Appeals is without authority to review issues not raised in or decided by the trial court." *Regional Jail Auth. v. Tackett*, Ky., 770 S.W.2d 225, 228 (1989).

Thus, the only issues here are whether the original note was discharged in bankruptcy and whether the reaffirmation agreement was binding even though the Hibbittses failed to sign a new promissory note.

■ It is clear that the original note was not discharged in bankruptcy. Rather, the reaffirmation agreement reaffirmed the original note and it "rises from the tomb of bankruptcy like a latter day Lazarus." *See In re Hotujac,* 102 B.R. 733, 735 (Bankr. W.D.Mo.1989). *See also In re Moore,* 50 B.R. 301, 302 (Bankr.S.D.Ohio 1985), wherein it was stated that "the reaffirmation agreement reinstates the terms of the promissory note and mortgage."

■ Furthermore, the Hibbittses neither cite any authority, nor are we aware of any, which would allow them to negate the reaffirmation agreement merely because a new promissory note had not been executed. The reaffirmation agreement which set forth the terms of indebtedness is a valid obligation to pay the debt as "[i]t is well settled that no precise form is necessary to constitute a promissory note." *Payne v. Terry,* Ky., 367 S.W.2d 277, 279 (1963).

■ The Hibbittses also argue that the trial court erred by granting summary judgment prior to discovery being taken. However, they fail to point to any fact or potential evidence which they could have obtained if they had been given additional discovery time. They admitted that they signed the 1992 note and the reaffirmation agreement. The only question was whether the reaffirmation agreement was valid despite the Hibbittses' failure to sign a promissory note evidencing that agreement. "The construction as well as the meaning and legal effect of a written instrument ... is a matter of law for the court." *Morganfield Nat'l Bank v. Damien Elder & Sons,* Ky., 836 S.W.2d 893, 895 (1992), *citing Equitable Life Assur. Society of the United States v. Wells,* 101 F.2d 608 (6th Cir.1939).

Since there was no genuine issue of material fact, and since Cumberland Valley was entitled to judgment as a matter of law, the trial court correctly granted summary judgment in Cumberland Valley's favor. The judgment of the Laurel Circuit Court is affirmed.

All concur.