**CABBAGE PATCH SETTLEMENT HOUSE and Winn–Dixie Midwest, Inc., Appellants,**

v.

**Charles Allen WHEATLY, Appellee.**

**No. 97–SC–1006–DG.**

Supreme Court of Kentucky.

March 25, 1999.

Susan D. Phillips, William P. Swain, Boehl, Stopher & Graves, Louisville, for Appellant.

Liz J. Shepherd, Dolt, Furkin & Thompson, P.S.C., Louisville, for Appellee.

## OPINION OF THE COURT

In this negligence action seeking damages for injuries sustained by appellee Charles Allen Wheatly while playing in a charity sponsored basketball tournament, the Court of Appeals reversed in part and remanded the summary judgment entered against Wheatly by the Jefferson Circuit Court on the basis of a general liability release and waiver of claims form signed by Wheatly before the game. Having granted discretionary review, we now reverse so much of the decision of the Court of Appeals as reversed the trial court's summary judgment, and reinstate and affirm the judgment of the Jefferson Circuit Court.

In June 1995 appellants Winn–Dixie Midwest, Inc. and Cabbage Patch Settlement House, a Louisville charitable organization providing services to inner city children and families, sponsored a "three-on-three" double-elimination basketball tournament known as the "Street Ball Showdown." The games are played on downtown streets.

When Wheatly and his co-workers registered to play in the tournament they were required to sign a registration form containing the following provision:

NOTICE TO ALL PARTICIPANTS AGE 18 AND ABOVE: As a condition to your participation in the Winn–Dixie Street Ball Showdown, each registrant will be required to sign a waiver immediately prior to each game in which he or she participates. That waiver will release and hold harmless the producers and beneficiaries of this event from all injury and claims, as specified therein.

Prior to his participation in each game Wheatly signed the following release:

*GENERAL LIABILITY RELEASE AND WAIVER OF CLAIMS*

IN CONSIDERATION OF the acceptance of their Winn–Dixie Street Ball Showdown entry forms and as an inducement to organizing this event and permitting their participation therein, the undersigned participants do each agree that the sponsors, promoters, beneficiaries, the City of Louisville, the Commonwealth of Kentucky, Jefferson Community College and any and all other persons or entities involved in this event, together with all their agents, subcontractors, employees or volunteers ("Event Organizers") SHALL NOT BE LIABLE for their death or injury to their person, for any loss due to theft of or damage to their property or for any other consequential or incidental damages caused in any manner whatsoever where any such liability is attributable to the absence of ordinary or even slight care by the Event Organizers in the conduct of this event. Furthermore, each of the undersigned DOES HEREBY WAIVE any and all claims or causes of action against the Event Organizers which he or she may have by reason thereof AND DOES HEREBY RELEASE AND HOLD HARMLESS the Event Organizers from any and all claims or causes of action that he or she may have from the beginning of time until these presents. Each of the undersigned further agrees not to bring or cause to be brought any suit on any such claim or cause of action and acknowledges that the releases and waivers referred to herein shall apply regardless of whether liability is asserted on the basis of contract, strict liability or ordinary or gross negligence.

Each of the undersigned further acknowledges that the execution of this Release and Waiver is continuing in nature, that it is his or her free and voluntary act, that he or she does not intend to participate in this event until and unless he or she has had full opportunity to his or her satisfaction to inspect the event site and to receive all information from the undersigned Court Monitor or other official(s) which might bear on his or her decision to participate and that he or she is under no duress or undue influence. Furthermore, each of the undersigned intends both that he or she be legally bound hereby, and, in the event of his or her death, that this Release and Waiver shall be binding on his or her estate, heirs, beneficiaries or any other successors in interest.

The undersigned hereby grants full permission to the Event Organizers to use any photographs, video tapes, motion pictures, recordings or other records of this event and to do so without notice or compensation to him or her. This Release and Waiver shall be construed under the laws of the Commonwealth of Kentucky.

SIGNATURE BELOW VERIFIES THAT EACH OF THE UNDERSIGNED HAS READ AND FULLY UNDERSTANDS THE FOREGOING and further certifies that the information provided in his or her entry form is true and complete. IN WITNESS WHEREOF, each of the participants sets forth his or her hand at the time and on the date below written.

While playing in the second game Wheatly chased a loose ball out of bounds, lost his balance, and fell on a galvanized steel pipe protruding from the ground twelve feet beyond the out-of-bounds line. He broke two ribs, punctured his lung, and was hospitalized for five days. Although he has fully recovered from his injuries, he has a permanent scar on his chest.

A plywood scoreboard had been placed in front of the protruding pipe by event organizers. Claiming he did not know the pipe was there, movant maintains he would have run a different way had he been warned of the pipe's existence.

Wheatly brought this action against the Cabbage Patch Settlement House and Winn Dixie alleging negligence on the part of event organizers in failing to provide a reasonably safe playing area and failing to warn of a dangerous condition. The circuit court entered summary judgment in favor of the event organizers, finding that the release form clearly and unambiguously released the event organizers from all claims arising from the "absence of ordinary or even slight care" in conducting the event, that the parties stood on equal footing as Wheatly's participation in the event and his execution of the

waiver was strictly voluntary, and that under the circumstances of this case the release was not against public policy. The court emphasized that the generation of funds for charitable purposes was in the public interest, that participation in the public sporting event was clearly voluntary, and that without a valid release charitable organizations would likely be unwilling to sponsor such fundraising events, which would be against the interest of the public.

Affirming in part and reversing in part and remanding, the Court of Appeals found that the release was valid and enforceable as to ordinary negligence on the part of event organizers, however, the release did not extend to any willful or wanton negligence. Despite the fact that Wheatly had made no claim of willful or wanton negligence and the issue was not raised in the trial court, the Court of Appeals concluded that a jury question was presented as to whether placement of the scoreboard so as to obscure the pipe from view constituted willful or wanton negligence on the part of event organizers. The opinion remanded for a jury trial on the question of willful or wanton negligence.

The complaint filed by Wheatly charged that Winn Dixie and the Cabbage Patch Settlement House "negligently and carelessly" failed to provide a reasonably safe playing area for the participants in the basketball competition, and "negligently and carelessly" failed to warn of conditions they knew or should have known were unsafe. The complaint further charged that Wheatly suffered damages as a direct and proximate result of the "negligence and carelessness" of the defendants as described above. It is undisputed that Wheatly made no allegation of willful or wanton negligence to the trial court. The arguments at the trial court level focused on the validity and enforceability of the waiver and general release signed by Wheatly.

In *Hoke v. Cullinan*, Ky., 914 S.W.2d 335, 339 (1995), this court observed:

> Despite the informality with which pleadings are nowadays treated, and despite the freedom with which pleadings may be amended, CR 15.01, the central purpose of pleadings remains notice of claims and defenses. *Lee v. Stamper*, Ky.,

300 S.W.2d 251 (1957); see also *Morgan v. O'Neil*, Ky., 652 S.W.2d 83 (1983). In view of the qualitative differences between negligence and recklessness, the former consisting of a failure to exercise ordinary care and the latter consisting of conscious indifference, we doubt that an allegation of simple negligence gives notice that recklessness is charged....

The Court of Appeals is bound by SCR 1.030(8)(a) to follow applicable precedents established by this court. In *Regional Jail Authority v. Tackett*, Ky., 770 S.W.2d 225, 228 (1989), this court observed that "[t]he Court of Appeals is without authority to review issues not raised in or decided by the trial court." Cf. *Hibbitts v. Cumberland Valley National Bank & Trust Company*, Ky.App., 977 S.W.2d 252 (1998).

For the foregoing reasons we reverse so much of the decision of the Court of Appeals as reversed the summary judgment entered by the trial court, and reinstate and affirm the judgment of the Jefferson Circuit Court.

All concur.