**In re Barbara Ann PHELAN, Debtor.**

**No. 99–38430–T.**

United States Bankruptcy Court,
E.D. Virginia,
Richmond Division.

May 12, 2000.

Barbara Ann Phelan, Powhatan, Virginia, debtor pro se.

Suzanne E. Wade, Thompson, Smithers, Newman, Wade & Childress, Richmond, Virginia, for Wachovia Mortgage Company.

Sherman B. Lubman, Richmond, Virginia, Chapter 7 Trustee.

## MEMORANDUM OPINION AND ORDER

DOUGLAS O. TICE, Jr., Chief Judge.

Hearing was held May 1, 2000, on pro se debtor's reaffirmation agreements with Wachovia Mortgage Company and Wachovia Bank, N.A. At conclusion of the hearing the court took the matters under advisement. For reasons stated in this opinion, the court abstains from ruling on both reaffirmation agreements.

### Findings of Fact

On February 14, 2000, a reaffirmation agreement between debtor and Wachovia Mortgage Company was filed in the principal amount of $89,430.18. This reaffirmed debt is secured by debtor's principal residence which has a present market value of $122,000.00.

On February 23, 2000, a reaffirmation agreement between debtor and Wachovia Bank, N.A. was filed in the principal amount of $9,548.14. This reaffirmed debt is also secured by debtor's principal residence.

### Discussion and Conclusions of Law

■ A discharge granted under Bankruptcy Code § 727(a) "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any [discharged] debt as a personal liability of the debtor, whether or not discharge of such debt is waived...." 11 U.S.C. § 524(a)(2). Actions to collect a pre-petition debt as a personal liability of the debtor are barred after the granting of a discharge by the discharge injunction, unless the debt is one of a limited category of debts excepted from discharge. *In re Bauer*, 1997 WL 752652, *2 (Bankr. E.D.Va.1997). For example, discharge of an otherwise dischargeable debt may be effectively "waived" if the debtor enters into a reaffirmation agreement with the creditor which satisfies the requirements of Bankruptcy Code § 524(c) and (d). *See id.*

■ The Bankruptcy Code does not require court approval where a debtor reaffirms a consumer debt secured by real estate. *See* 11 U.S.C. § 524(c)(6)[1] and (d)(2); *see also* Local Bankr.R. 4008–1(C) ("If the reaffirmation agreement is based on a consumer debt not secured by real property of the debtor, the reaffirming debtor or the creditor may, or if the debtor is not represented by an attorney, must request that a reaffirmation hearing be scheduled pursuant to 11 U.S.C. § 524(d)(2)."). *But cf. In re Roth*, 38 B.R. 531, 540 (Bankr.N.D.Ill.1984) (concluding that court approval is required to affirm the unsecured portion of the claim of an undersecured creditor because the debt is secured by real property under § 506(a) only to the extent of the value of the property), *aff'd*, 43 B.R. 484 (N.D.Ill.1984). "It is clear that the policy underlying this provision is to remove from court oversight a pro se debtor's personal decision that reaffirming a mortgage debt is in the debtor's best interest and will not interfere

---

1. 11 U.S.C. § 524(c)(6), which governs Court review of a reaffirmation agreement, states:

 (6)(A) in a case concerning an individual who was not represented by an attorney during the course of negotiating an agreement under this subsection, the court approves such agreement as—

 (i) not imposing an undue hardship on the debtor or a dependent of the debtor; and
 (ii) in the best interest of the debtor.
 (B) Subparagraph (A) shall not apply to the extent that such debt is a consumer debt secured by real property.
 11 U.S.C. § 524(c)(6).

with his or her 'fresh start'." [2] *In re Bauer*, 1997 WL 752652, at *5 (citing *In re Moore*, 50 B.R. 301, 302 (Bankr.S.D.Ohio 1985); *In re Smith*, 35 B.R. 95, 96 (Bankr. W.D.Ky.1983)).

 "In light of the fact that Congress chose to require only court advice, but not court approval, for mortgage reaffirmations by pro se debtors, it would be anomalous, to say the least, for the court to inquire—absent the most extraordinary circumstances—into the wisdom of mortgage reaffirmations...." *Id.* (discussing mortgage reaffirmations where debtor is represented by counsel). Because the reaffirmation agreements cover consumer debts that appear to be fully secured, this court's approval or disapproval is not required.[3]

**IT IS THEREFORE ORDERED** that the court abstains from ruling on debtor's reaffirmation agreement with Wachovia Mortgage Company and Wachovia Bank, N.A.

*In re Bauer*, 1997 WL 752652, at *5.

---

**2.** Yet, as Judge Mitchell observed:

This is not to say that, simply because Congress has not required court approval of mortgage reaffirmations, court review is altogether precluded. There well may be exceptional or egregious circumstances where the exercise of the court's equitable powers under § 105(a), Bankruptcy Code, would be appropriate to prevent an abuse of the bankruptcy system or an undermining or circumventing of specific protections provided by the Bankruptcy Code. *See Kestell v. Kestell (In re Kestell)*, 99 F.3d 146, 148–49 (4th Cir.1996) (Section 105 allows bankruptcy court to issue any order to further or carry out the provisions of the Bankruptcy Code or prevent the use of the Code in an illicit or abusive manner). However, Section 105(a) is not a roving commission to do equity, and the court's equitable powers must be exercised within the framework that Congress has established in the Bankruptcy Code. *Stokes v. Firestone (In re Stokes)*, 198 B.R. 168, 175 (E.D.Va.1996), citing *Johnson v. First Nat'l Bank of Montevideo*, 719 F.2d 270 (8th Cir.1983).

**3.** As this court explained to debtor during the hearing, it may not be necessary for debtor to reaffirm these debts to get what she wants. Even if debtor does not reaffirm a secured debt she can still keep the property provided she is not in default and remains current on the payments. *See Home Owners Funding Corp. of Am. v. Belanger (In re Belanger)*, 962 F.2d 345 (4th Cir.1992). This is possible because property securing a debt cannot be repossessed as long as debtor is not in default. Of course, if debtor subsequently becomes delinquent the secured creditor has the right to repossess this property, regardless of whether or not debtor reaffirms this debt. However, debtor's exposure for any deficiency between the then outstanding balance of the debt and proceeds from the sale of the collateral is drastically different. If the debt is not reaffirmed, the creditor's remedies are limited to repossessing the collateral. If the debt is reaffirmed, the creditor's remedies include repossessing the collateral and possibly holding debtor liable for any deficiency.